FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

2011 SEP -2 P 3:33

CL...
AL...

BRIGHT IMPERIAL LIMITED, a Hong
Kong limited liability company,

        Plaintiff,

    v.

RT MEDIASOLUTIONS S.R.O., a Czech
limited liability company, SWISS MEDIA
FACTORING GMBH, a Swiss limited
liability company, WALTER
OLLIGSCHLÄGER, an individual, the
Internet domain names RED-TUBE.COM,
REDTUBE-CAMS.COM,
REDTUBE-CAMS.NET,
REDTUBE-TV.COM, REDTUBE-TV.NET,
RED-TUBE-NET.COM,
REDTUBE-FLIRT.NET,
REDTUBE-FLIRT.COM,
REDTUBESHOP.ORG,
REDTUBESHOP.NET,
REDTUBE-SHOP.COM,
REDTUBE-SHOP.NET,
REDTUBE-SHOP.ORG,
REDTUBE-SHOP.US,
RED-TUBE-SHOP.COM,
RED-TUBE-SHOP.NET,
RED-TUBE-SHOP.ORG,
RED-TUBE-SHOP.US,
REDTUBE-TESTACCOUNT.COM,
REDTUBE.NET, RED-TUBE.NET,
RED-TUBE.BIZ, MY-REDTUBE.COM,
REDTUBE24.COM,
RED-TUBE-PORN.NET, REDTUBE24.NET,
REDTUBE-HARDCORE.COM,
REDS-TUBE.COM, and DOES 1 through 25,

        Defendants.

Civil Action No. _1:11 CV 935   LO/TRJ_

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff BRIGHT IMPERIAL LIMITED ("Bright"), by its attorneys Sheppard, Mullin,

Richter & Hampton, LLP, as and for its complaint against RT Mediasolutions s.r.o., Swiss Media

Factoring GmbH, and Walter Olligschläger ("Defendants"), against the Internet domain names

<red-tube.com>, <redtube-cams.com>, <redtube-cams.net>, <redtube-tv.com>,

<redtube-tv.net>, <red-tube-net.com>, <redtube-flirt.net>, <redtube-flirt.com>,

<redtubeshop.org>, <redtubeshop.net>, <redtube-shop.com>, <redtube-shop.net>,

<redtube-shop.org>, <redtube-shop.us>, <red-tube-shop.com>, <red-tube-shop.net>,

<red-tube-shop.org>, <red-tube-shop.us>, <redtube-testaccount.com>, <redtube.net>,

<red-tube.net>, <red-tube.biz>, <my-redtube.com>, <redtube24.com>, <red-tube-porn.net>,

<redtube24.net>, <redtube-hardcore.com>, <reds-tube.com> (the "Infringing Domains"), and

against DOES 1 through 25, alleges as follows.

## NATURE OF THE CASE

1.      This is an action seeking damages and injunctive relief for:

(1) cybersquatting (15 U.S.C. § 1125(d)); (2) trademark infringement (15 U.S.C. §§ 1114(1) and

1125(a)); (3) false designation of origin, false advertising and unfair competition (15 U.S.C.

§§ 1114(1) and 1125(a)); (4) trademark dilution (15 U.S.C. § 1125(c)); (5) common law

trademark infringement and unfair competition (Virginia common law); and (6) civil conspiracy

(Virginia common law and Virginia Code §§ 18.2-499 and 500).

2.      In the alternative, this action seeks transfer of the Infringing Domains to

Bright or forfeiture and cancellation of the Infringing Domains to prevent ongoing

cybersquatting, pursuant to the *in rem* provisions of the Anticybersquatting Consumer Protection

Act ("ACPA")  (15 U.S.C. § 1125(d)(2)).

3.      This action arises from a complex and systematic effort by the Defendants

to exploit and profit from the widespread public recognition of Bright's REDTUBE trademark

and the public's association of that name with Bright's popular website.  Defendants' registration



and use of domains incorporating Bright's registered REDTUBE mark, affiliation with numerous additional domains seeking to exploit that mark, and pervasive replication and use of Bright's mark in the operation of competing websites have been and continue to be in bad faith. Relief is warranted and required under the Lanham Act, the ACPA, and Virginia law.

## JURISDICTION AND VENUE

4.     The First through Fifth and Ninth Causes of Action arise under the federal Lanham Act, 15 U.S.C. § 1051, *et seq.* This Court has original subject matter jurisdiction over these causes of action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

5.     The Fourth, Fifth, and Sixth Causes of Action arise under Virginia common law and Virginia Code §§ 18.2-499 and 500. This Court has supplemental jurisdiction over those causes of action pursuant to 28 U.S.C. § 1367(a), because it is part of the same case or controversy as that addressed by the federal law causes of action.

6.     On information and belief, through interactive websites operated at the Infringing Domains, Defendants promote themselves to and obtain business from residents of Virginia and of the United States as a whole, transact business in Virginia and the United States as a whole, contract to supply and receive services in Virginia and the United States as a whole, and have caused intentional and foreseeable injury in Virginia and throughout the United States. Therefore, there is a reasonable basis to believe and assert that the Court may exercise personal jurisdiction over Defendants under Virginia Code § 8.01-328.1 and Federal Rule of Civil Procedure 4(k)(1)(A), or under Federal Rule of Civil Procedure 4(k)(2).

7.     Alternatively, the court has *in rem* jurisdiction over the Infringing Domains under 15 U.S.C. § 1125(d)(2)(C) because: (1) Verisign, Inc., which maintains the <.com> and <.net> registries in which certain of the Infringing Domains reside, is located in Dulles, Loudon County, Virginia, in this judicial district; (2) Neustar, Inc., which maintains the <.biz> and <.us> registries in which certain of the Infringing Domains reside, is located in Sterling, Loudon County, Virginia, in this judicial district; and (3) the Public Interest Registry,

which maintains the <.org> registry in which certain of the Infringing Domains reside, is located in Reston, Fairfax County, Virginia, in this judicial district. Each of the Infringing Domains were maintained by one of these registries.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims asserted herein occurred or had effects in this district, and because one or more Defendants may be found in this district and there is no other district in which this action could be brought.

9.      In the alternative, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 1125(d)(2)(C) because the Infringing Domains are located within this judicial district.

## THE PARTIES

10.      Bright is a Hong Kong limited liability company that does business in the United States. It owns and operates the extremely popular adult entertainment website <redtube.com> ("RedTube"), and owns the highly recognized REDTUBE trademark. Bright's principal place of business is in Wanchai, Hong Kong SAR.

11.      On information and belief, Defendant RT Mediasolutions s.r.o. ("RT Mediasolutions") is a limited liability company organized and registered under the laws of the Czech Republic. On information and belief, RT Mediasolutions is located at Mlýnská 326/13, Brno, postcode 602 00 Czech Republic. On information and belief, Defendant Walter Olligschläger is the managing director and an owner in part or whole of RT Mediasolutions. RT Mediasolutions has asserted that it owns and operates the website associated with the Infringing Domain <red-tube.com>. It has also asserted that it operates related websites. As more fully set forth below, it has registered numerous Infringing Domains incorporating Bright's REDTUBE trademark.

12.      On information and belief, Defendant Swiss Media Factoring GmbH ("Swiss Media Factoring") is a limited liability company organized and registered under the laws

Switzerland. On information and belief, Swiss Media Factoring is located at Baarerstrasse 94, CH-6300 Zug, Switzerland. On information and belief, Walter Olligschläger is a partner in, and manager of, Swiss Media Factoring.

13.     Defendant Walter Olligschläger is an individual. On information and belief, Walter Olligschläger has used the addresses Mlýnská 326/13, Brno, postcode 602 00 Czech Republic, and Baarerstrasse 94, CH-6300 Zug, Switzerland, and the email address rj@rtmediasolutions.net. On information and belief, Walter Olligschläger is involved in the ownership and operation of RT Mediasolutions and Swiss Media Factoring.

14.     The Infringing Domains fall into three categories. The Infringing Domains <red-tube.com>, <redtube-cams.com>, <redtube-cams.net>, <redtube-tv.com>, <redtube-tv.net>, and <red-tube-net.com> are or appear to be directly controlled by Defendants, contain references to one or more of the Defendants, and are used in connection with the operation of websites all of which display identical or nearly identical content. The Infringing Domains <redtube-flirt.net>, <redtube-flirt.com>, <redtubeshop.org>, <redtubeshop.net>, <redtube-shop.com>, <redtube-shop.net>, <redtube-shop.org>, <redtube-shop.us>, <red-tube-shop.com>, <red-tube-shop.net>, <red-tube-shop.org>, <red-tube-shop.us>, and <redtube-testaccount.com> are or appear to be registered by one of the Defendants, but are "parked," *i.e.*, they are not currently being employed in connection with websites that provide any meaningful content or services. The Infringing Domains <redtube.net>, <red-tube.net>, <red-tube.biz>, <my-redtube.com>, <redtube24.com>, <red-tube-porn.net>, <redtube24.net>, <redtube-hardcore.com> and <reds-tube.com> have been or appear to have been registered by persons or entities other than Defendants, but are apparently being operated by or in concert with Defendants because, among other things, they display content identical or nearly identical to that of a website operated by Defendants and contain references to one or more defendants, or in the case of <redtube.net>, display content directly from <red-tube.com>.

15.     RT Mediasolutions has at times been listed as the registrant of the domain names <redtubeshop.org>, <redtubeshop.net>, <redtube-shop.com>, <redtube-shop.net>,

<redtube-shop.org>, <redtube-shop.us>, <red-tube-shop.com>, <red-tube-shop.net>, <red-tube-shop.org> and <red-tube-shop.us>. Swiss Media Factoring has at times been listed as the registrant of the domain name <redtube-flirt.net>. Walter Olligschläger has at times been listed as the registrant of the domain name <redtube-testaccount.com>. Walter Olligschläger is or has at times been listed as the official contact for the registrants of the domain names <redtubeshop.org>, <redtubeshop.net>, <redtube-shop.com>, <redtube-shop.net>, <redtube-shop.org>, <redtube-shop.us>, <red-tube-shop.com>, <red-tube-shop.net>, <red-tube-shop.org>, <red-tube-shop.us> and <redtube-flirt.net>.

16.    The use of "privacy services" to mask the true registrant of Internet domain names is common. Namecheap, Inc. ("Namecheap") is a Delaware corporation with its principle place of business at 11400 W. Olympic Blvd. Suite 200, Los Angeles, CA 90064. Namecheap is a registrar of domain names used on the Internet. On information and belief, Namecheap is the registrar for the domain names <red-tube.com>, <redtube-cams.com>, <redtube-cams.net>, <redtube-tv.com>, <redtube-tv.net>, <red-tube-net.com> and <redtube-flirt.com>. On information and belief, Namecheap registered the domain names <red-tube.com>, <redtube-cams.com>, <redtube-cams.net>, <redtube-tv.com>, <redtube-tv.net>, <red-tube-net.com> and <redtube-flirt.com> at the request of one or more of the Defendants. Currently, Namecheap lists "WhoisGuard," its privacy service, as registrant of the domain names <red-tube.com>, <redtube-cams.com>, <redtube-cams.net>, <redtube-tv.com>, <redtube-tv.net>, <red-tube-net.com> and <redtube-flirt.com>. On information and belief, Namecheap does so at the direction of one or more of the Defendants, in order to conceal the fact that one or more of the Defendants actually control these domain names.

17.    Mesh Digital Ltd. is a British private limited company located at The Old Forge, Shackstead Lane, Godalming, Surrey, GU7 1RJ, United Kingdom ("Mesh"). Mesh is a registrar of domain names used on the Internet, and is the registrar for the domain name <red-tube.biz>. On information and belief, Mesh registered the domain name <red-tube.biz> at the request of one or more of the other Defendants. Mesh also provides an Internet domain name

privacy service called Domainmonster.com Privacy Service.  Domainmonster.com, Inc.

("Domainmonster") is a Delaware corporation with its principle place of business in One

Broadway, 14th Floor, Kendall Square, Cambridge, Massachusetts.  On information and belief,

Domainmonster.com is a subsidiary or affiliate of Mesh.  Mesh currently lists the registrant of

the domain name <red-tube.biz> as its Domainmonster.com Privacy Service.  On information

and belief, Mesh does so at the direction of one or more of the Defendants, in order to conceal

the fact that one or more of the Defendants actually control this domain name.

      18.    The use of "affiliates" to operate websites that reproduce part or all of the

content of a primary website or that drive traffic to a primary website is a common practice,

particularly among online adult entertainment providers.  The operators of such affiliate websites

typically receive compensation in exchange for operating such websites.  Often such affiliate

websites contain little or no content other than that of the primary website.

      19.    An entity called "rchr-media" has at times been listed as the registrant of

the <red-tube.net> domain name.  rchr-media is an entity of unknown form, which has used an

address at Caminal de son Monei Poly. 46 Parc. 277, 07620 Llucmajor, Spain.  On information

and belief, rchr media is the registrant of the <red-tube.net> domain name.  However, the content

of the website operated using the <red-tube.net> domain name is identical or nearly identical to

that of a website operated by Defendants.

      20.    An entity called "PayVS Limited" has at times been listed as the registrant

of the <redtube.net> domain name.  PayVS Limited is a business entity of unknown form and

origin.  PayVS Limited has used the address Global Gateway 1716, Rue de la Perle, Providence,

Mahe, NA 101010, Seychelles.  On information and belief, PayVS Limited is the registrant of

the <redtube.net> domain name.  However, the content of the website operated using the

<redtube.net> domain name is identical or nearly identical to that of a website operated by

Defendants.

      21.    A person named Christian Stechl has at times been listed as the registrant

of the <redtube24.net> domain name.  Christian Stechl has used the address Via Carona 17,

Paradiso-Ti, Post Code 69000, Italy. On information and belief, Christian Stechl is the registrant of the <redtube24.net> domain name. However, the content of the website operated using the <redtube24.net> domain name is identical or nearly identical to that of a website operated by Defendants.

22.     A person named Thomas Gebauer has at times been listed as the registrant of the <redtube-hardcore.com> domain name. Thomas Gebauer has used the address Lappstrasse 97, Zweibruecken, Post Code 66482, Germany. On information and belief, Thomas Gebauer is the registrant of the <redtube-hardcore.com > domain name. However, the content of the website operated using the <redtube-hardcore.com> domain name is identical or nearly identical to that of a website operated by Defendants.

23.     A person named Steve Johnson has at times been listed as the registrant of the <reds-tube.com> domain name. Steve Johnson has used the address United Web Solutions S.A., Calle Haiti 5, El Tablero – Maspalomas, 35109 Spain. On information and belief, Steve Johnson is the registrant of the <reds-tube.com > domain name. However, the content of the website operated using the <reds-tube.com> domain name is identical or nearly identical to that of a website operated by Defendants.

24.     Key-Systems GmbH is a German limited liability company located at In the Upper Plant 1, 66386 St. Ingbert, Germany and 604 S. King Street, Leesburg, Virginia ("Key-Systems"). Key-Systems is a registrar of domain names used on the Internet, and is the registrar for the domain names <my-redtube.com>, <redtube24.com> and <red-tube-porn.net>. On information and belief, VCN - Whois Protection Service Panama is a domain name privacy service of unknown form and origin with an address at Ramon Arias Avenue Maheli Building, Office 12-E, Panama City, Panama. Key-Systems currently lists the registrant of the domain names <my-redtube.com>, <redtube24.com> and <red-tube-porn.net> as VCN - Whois Protection Service Panama. On information and belief, one or more affiliates of the Defendants use VCN - Whois Protection Service Panama in order to conceal the fact that these affiliates of the Defendants actually control the domain names. The content of the websites operated using

the <my-redtube.com>, <redtube24.com> and <red-tube-porn.net> domain names is identical or nearly identical to that of websites operated by Defendants.

26. On information and belief, including the foregoing, Defendants control, directly or indirectly, the content and services of each of the Infringing Domains associated with a website that provides any meaningful content or services, including the use of Bright's REDTUBE trademark in connection with those websites and the Infringing Domains. As a result, the acts of cybersquatting, trademark infringement, trademark dilution, and the other tortious conduct alleged herein have been taken by Defendants themselves, or by Defendants' agents and co-conspirators at the direction of or in concert with Defendants.

26. On information and belief, the Infringing Domains <red-tube.com>, <redtube-cams.com>, <redtube-tv.com>, <red-tube-net.com>, <red-tube-shop.com>, <redtube-shop.com>, <redtube-flirt.com>, <redtube-testaccount.com>, <my-redtube.com>, <redtube24.com>, <redtube-hardcore.com>, <reds-tube.com>, <red-tube-porn.net>, <redtube24.net>, <redtube.net>, <red-tube.net>, <redtube-cams.net>, <redtube-tv.net>, <red-tube-shop.net>, <redtube-shop.net>, <redtubeshop.net> and <redtube-flirt.net> reside with Verisign, Inc., which is responsible for maintaining the <.com> and <.net> registries. On information and belief, Verisign, Inc. has a place of business at 21355 Ridgetop Circle, Dulles, Virginia, 20166.

27. On information and belief, the Infringing Domains <red-tube.biz>, <redtube-shop.us> and <red-tube-shop.us> reside with Neustar, Inc., which is responsible for maintaining the <.biz> and <.us> registries. On information and belief, Neustar Inc. has a place of business at 46000 Center Oak Plaza, Sterling, VA, 20166.

28. On information and belief, the Infringing Domains <red-tube-shop.org>, <redtube-shop.org> and <redtubeshop.org> reside with the Public Interest Registry, which is responsible for maintaining the <.org> registry. On information and belief, the Public Interest Registry has a place of business address at 1775 Wiehle Avenue, Suite 200, Reston, Virginia, 20190.

29.     On information and belief each of the above-named Defendants is, and at all relevant times was, the agent, joint venturer, co-conspirator, and/or alter ego of each of its co-Defendants, and in committing the acts alleged herein, was acting within the scope of said agency, and/or joint venture, and with the knowledge, acquiescence or subsequent ratification of the above-named co-Defendants. Such relationships are evidenced in part by the fact that domain names registered and/or controlled by each of the corporate and individual Defendants share content, employ identical infringing logos, share user registration information, and display the same contact information. In addition, many of them share a common Internet Protocol address. Moreover, on information and belief, there is, and at all relevant times was, such a unity of interest and comingling of funds between and among Defendants RT Mediasolutions, Swiss Media Factoring and Olligschläger that there is, and at all relevant times was, no separateness between or among them. Thus, each is, and at all relevant times was, the alter ego of the others. Recognition of the fiction of a separate existence between and among them would sanction fraud and result in inequity to Bright.

30.     The true names and capacities of the defendants named herein as DOES 1 through 25, whether individual, corporate, or otherwise, are unknown to Bright, which therefore sues those defendants by such fictitious names. Bright is informed and believes, and thereon alleges, that each of the defendants designated as a "DOE" defendant is an actual person or entity involved in the acquisition, ownership, or use of the Infringing Domains, or in the operation of Defendants' websites. Bright is informed and believes, and thereon alleges, that each of the defendants designated as a "DOE" defendant is legally responsible for the events herein alleged, and caused injury and damages thereby to Bright as herein alleged. Bright will seek leave to amend this Complaint when the true names and capacities of the DOE defendants have been ascertained.

31.     Internet domain names are in dispute in this lawsuit. It currently appears as though Defendants have registered some of the Infringing Domains under fictitious names or are using services that let them hide their identity in an effort to avoid potential liability or

injunctive relief.  This complaint will be amended to reflect accurate ownership of the domain names as such information becomes available.

## FACTUAL BACKGROUND

### Bright's Business and Use of the REDTUBE Trademark

32.     Bright owns and operates the RedTube website, and owns the REDTUBE trademark, which it uses to identify and brand RedTube.  RedTube provides online adult entertainment services including displaying adult videos, providing live webcam and chat services, hosting an online adult community and adult entertainment blog, and allowing users to upload and download videos.

33.     Bright's predecessor in interest began using the mark REDTUBE (the "REDTUBE trademark") in interstate commerce on its website no later than July 2006.  Since that time, Bright and its predecessor in interest have continuously used the REDTUBE trademark in interstate commerce in connection with RedTube and with the provision of adult entertainment services, the display of adult videos, the provision of users with the ability to upload and download adult videos, and the other features of RedTube.

34.     RedTube has been active since at least July 4, 2006, and has used the REDTUBE trademark continuously since that time.  Initially, it was operated at the domain <www.jpds.com/redtube>.  In or about March 2007,  Bright's predecessor in interest acquired and began using the domain <redtube.com> to operate RedTube.  Bright and its predecessor in interest have continuously used the <redtube.com> domain since acquiring it.

35.     RedTube was one of the first so-called adult "tube" sites, permitting users to upload and display their own videos.  RedTube also provided professional adult entertainment content, licensed by Bright or its predecessor in interest.  RedTube permitted users to access content for free, generating revenue from advertising.  This business model differed significantly from the prevailing model in the adult entertainment industry, which depended upon

subscriptions by users to generate revenue, and required users to have subscriptions in order to obtain access to content. For these reasons, RedTube was well known and closely watched within the adult entertainment industry from its inception. These factors also contributed to RedTube's immediate success.

36.     RedTube achieved fame and popularity very rapidly after it was launched. By July 7, 2006, its fourth day of operation, RedTube was receiving 70,000 daily visits, almost 23,000 of whom were from the United States. By September 4, 2006, when it had been in operation for only two months, it was receiving approximately 220,000 daily visits (71,000 from the United States), and over 2 million daily page views (over 760,000 from the United States).

37.     RedTube quickly became and remains extremely popular and well-known. According to the website <alexa.com>, which monitors web traffic, as of July 22, 2011, RedTube was the 130th most trafficked website in the world. At the time of its greatest popularity, RedTube was ranked by Alexa as the 38th most trafficked website in the world.

38.     Bright's REDTUBE trademark is suggestive, and therefore, inherently distinctive. Moreover, as a consequence of the widespread popularity and use of RedTube by Bright and its predecessor in interest, the REDTUBE trademark is famous, web users associate the REDTUBE trademark with high quality adult videos, user uploaded videos, and the other features of RedTube, and Bright enjoys significant resulting goodwill.

39.     The REDTUBE trademark was distinctive before Defendants registered their first domain name using the REDTUBE trademark. Moreover, RedTube had achieved a high degree of popularity and recognition before Defendants acquired their first domain name using the REDTUBE trademark.

40.     RedTube was getting approximately 220,000 daily visits (approximately 68,000 from the United States), and over 2.3 million daily page views (over 710,000 from the United States) by the time <red-tube.com>, the first of Defendants' Infringing Domains, was registered on September 13, 2006. By the end of March, 2008, before even a third of the Infringing Domains were registered, RedTube had more than 6 million daily visits (over 1.4

million from the United States), and over 50 million daily page views (over 12 million from the United States).

41.    Defendants have asserted that they began using the "Redtube" name on October 6, 2006. There is no evidence to support that contention, but even if it were true it would merely confirm their bad faith. By that date, Bright's RedTube website was already receiving over 286,000 daily visits (more than 88,000 from the United States), and over 2.8 million daily page views (almost 1 million from the United States).

42.    In fact, it appears that Defendants' first use of the "Redtube" name did not occur until the end of November, 2006, at the earliest. Defendants have asserted that they first used the "Redtube" name in connection with their <red-tube.com> website. Each video displayed on that website is accompanied by the date on which it was uploaded. The earliest upload date for any video displayed on that site is November 29, 2006. Furthermore, Defendants have previously indicated that the earliest data they possess showing any use of the <red-tube.com> website is dated December 25, 2006. Thus, it appears that Defendants' actual use of the "Redtube" name did not commence until November 29, 2006, at the earliest. By that date, Bright's RedTube website had already on several occasions received over 680,000 daily visits (more than 190,000 from the United States), and over 7 million daily page views (more than 2 million from the United States).

43.    Bright owns or has acquired from its predecessor in interest all rights in the REDTUBE trademark. Bright has obtained United States trademark Registrations No. 3884412 and No. 3843119, true and correct copies of which are attached hereto as **Exhibits A and B**, respectively. As a result, Bright owns all U.S. trademark rights in the REDTUBE trademark, including all common law trademark rights. Bright's United States trademarks cover use of the REDTUBE mark in connection with, among other things, the provision of adult audio and video content over the internet, and provision of internet on-demand and broadcast media, bulletin boards, chat rooms, online forums, and databases in general interest entertainment and adult entertainment. Bright, through its predecessor in interest, also

has pending applications with the United States Patent and Trademark Office to register the REDTUBE trademark in additional categories.

44.     Bright or its predecessor in interest have successfully registered the REDTUBE trademark in numerous foreign countries, including Australia, Switzerland, Singapore, Brazil and Iceland. Bright or its predecessor in interest have pending applications to register the REDTUBE trademark in many other countries around the world. All of these registrations and associated rights are now owned by Bright.

45.     In addition to its rights to the REDTUBE trademark, Bright has acquired numerous domains incorporating that mark, and related trademark rights, including the following: redtube.com.au, redtube.af, redtube.ag, redtube.ai, redtube.am, redtube.as, redtube.az, redtube.ba, redtube.bg, redtube.bi, redtube.bo, redtube.com.br, redtube.bs, redtube.by, redtube.ca, redtube.cd, redtube.cg, redtube.ci, redtube.cm, redtube.com.cm, redtube.co.cm, redtube.cr, redtube.cv, redtube.com.cv, redtube.cz, redtube.co.dk, redtube.co.it, redtube.co.nl, redtube.com.cn, redtube.com.gr, redtube.com.lv, redtube.dj, redtube.dm, redtube.ec, redtube.fr, redtube.gg, redtube.gl, redtube.gp, redtube.hn, redtube.ht, redtube.im, redtube.in, redtube.io, redtube.ir, redtube.is, redtube.je, redtube.jp, redtube.kg, redtube.kr, redtube.kz, redtube.la, redtube.lu, redtube.com.lv, redtube.ly, redtube.ma, redtube.md, redtube.me, redtube.mk, redtube.ms, redtube.mu, redtube.mw, redtube.pe, red-tube.pl, redtube.com.pl, redtube.rs, redtube.sc, redtube.si, redtube.sm, redtube.sn, redtube.sr, redtube.td, redtube.tg, redtube.tj, redtube.tm, redtube.to, redtube.tw, redtube.us, redtube.uz, redtube.vc, redtube.com.ve, redtube.vn, redtube.ws, redtube.co.za, redtubedeutschland.com, redtube-deutschland.com, redtubedeutschland.de, redtube-deutschland.de, redtubegermany.com, redtube-germany.com, redtubegermany.de, redtube-germany.de, gayredtube.com, japaneseredtube.com, redtubehentai.com, redtubefiles.com, redtube.org, redtube.pl, redtube.tv, redtube.us, redtubeporn.com, redtbe.com, redtubbe.com, rdtube.com, rredtube.com, redtueb.com, redtuube.com, redtubegay.com, redtubeblog.org, redtubeblog.us, redtubeblog.eu, redtubeblog.info, redtubeblog.mobi, redtubee.com, reddtube.com, reedtube.com, and redtube.it.

## Defendants' Wrongful Use of Bright's Trademarks

46.     In bad faith, with knowledge of RedTube and its popularity, and with the intent to divert and acquire traffic and profits from RedTube, to cause confusion as to the source or sponsorship of Defendants' services, and to unlawfully trade on the RedTube's success, fame, goodwill, and high quality services, Defendants registered multiple domain names incorporating the REDTUBE trademark, and established a network of websites displaying and utilizing the REDTUBE trademark in offering Defendants' competing services.

47.     On or about September 13, 2006, the infringing domain name <red-tube.com> was registered to an unknown entity or individual. Defendants have alleged that they owned or controlled this Infringing Domain name by October 6, 2006. On information and belief, between November 29, 2006 and February 12, 2007, Defendants began operating an adult website at the Infringing Domain <red-tube.com>.

48.     Defendants' website at <red-tube.com> prominently uses and displays the REDTUBE trademark. The <red-tube.com> website offers adult content, permits users to register for free, and once they are registered, permits users to view adult video content, upload video content, purchase video content and live "chats," and interact with other users. Defendants provide an English-language version of the <red-tube.com> website, and permit users from the United States to register and make purchases of video content and live chats.

49.     On January 5, 2007, rchr-media registered the Infringing Domain <red-tube.net>. The Infringing Domain <redtube.net> was registered two months later on March 8, 2007, and was acquired in 2011 by PayVS Ltd. On August 8, 2007, Steve Johnson registered the Infringing Domain <reds-tube.com> and on September 30, 2007, Thomas Gebauer registered the Infringing Domain <redtube-hardcore.com>. On information and belief, on October 23, 2007 the domain name <red-tube.biz> was registered. On January 6, 2011, at the direction of one or more Defendants, Mesh changed the registration for the Infringing Domain <red-tube.biz>, and named its privacy service, Domainmonster, as the registrant of

<red-tube.biz>. On information and belief, the Infringing Domains <my-redtube.com>, <redtube24.com> and <red-tube-porn.net> were registered in April 2007, January 2008, and January 2010, respectively. On information and belief, in late 2010, at the direction of one or more affiliates of the Defendants, VCN – Whois Protection Service Panama changed the registrations for these domain names and named itself as registrant of the Infringing Domains <my-redtube.com>, <redtube24.com> and <red-tube-porn.net>. On information and belief, between April and June, 2008, at the request of one or more Defendants, Namecheap registered the Infringing Domains <red-tube-net.com>, <redtube-cams.com>, <redtube-cams.net>, <redtube-tv.com> and <redtube-tv.net>, and named its privacy service, WhoisGuard, as the registrant of those domains. On March 18, 2009, Christian Stechl registered the Infringing Domain <redtube24.net>.

50.     The websites at the Infringing Domains <red-tube.net>, <redtube.net>, <red-tube-net.com>, <redtube-cams.com>, <redtube-cams.net>, <redtube-tv.com>, <redtube-tv.net>, <red-tube.biz>, <my-redtube.com>, <redtube24.com>, <red-tube-porn.net>, <redtube24.net>, <redtube-hardcore.com> and <reds-tube.com> operate under joint or common control and as part of the same network, joint-venture and/or enterprise as the primary <red-tube.com> website operated by Defendants. Each of these websites, with the exception of <redtube.net>, displays content identical or nearly identical to that of the <red-tube.com> website, displays the logo from the <red-tube.com> website, and displays the contact information for Defendant Swiss Media Factoring. The <redtube.net> website displays content directly from the <red-tube.com> website and redirects users' browsers to <red-tube.com> to access the content. Each of these websites, including <redtube.net>, allows users to log in with their <red-tube.com> login information, and directly accesses and displays users' <red-tube.com> account information and personal details from users' <red-tube.com> profiles. Additionally, the websites associated with the Infringing Domains <red-tube-net.com>, <redtube-cams.com>, <redtube-cams.net>, <redtube-tv.com>, <redtube-tv.net> and <red-tube.biz> are hosted at the same Internet Protocol address as <red-tube.com>.

51.     On information and belief, on December 8, 2008, at the request of one or more other Defendants, Namecheap registered the Infringing Domain <redtube-flirt.com>, and named its privacy service, WhoisGuard, as the registrant of <redtube-flirt.com>.  On December 8, 2008, Defendant Swiss Media Factoring registered the Infringing Domain <redtube-flirt.net>.  On July 28, 2009, Defendant RT Mediasolutions registered the Infringing Domains <redtubeshop.org>, <redtubeshop.net>, <redtube-shop.com>, <redtube-shop.net>, <redtube-shop.org>, <redtube-shop.us>, <red-tube-shop.com>, <red-tube-shop.net>, <red-tube-shop.org> and <red-tube-shop.us>.  Finally, on September 30, 2010, Defendant Walter Olligschläger registered the Infringing Domain <redtube-testaccount.com>.

52.     The websites associated with the Infringing Domains <redtube-flirt.com>, <redtube-flirt.net>, <redtubeshop.org>, <redtubeshop.net>, <redtube-shop.com>, <redtube-shop.net>, <redtube-shop.org>, <redtube-shop.us>, <red-tube-shop.com>, <red-tube-shop.net>, <red-tube-shop.org>, <red-tube-shop.us> and <redtube-testaccount.com> do not currently provide any meaningful content or services.  On information and belief, Defendants registered and control these domains in order to exploit them as part of the same network, joint-venture and/or enterprise as the primary <red-tube.com> website and Defendants' other infringing websites.  Were <red-tube.com> and the websites operated by or in concert with Defendants to be disabled, Defendants could utilize one or more of these domains to continue their illegal infringing activities.  Further evidencing that Defendants registered these names in bad faith, the domain names such as <redtube-shop.com> incorporate words describing features Defendants do not offer, but which RedTube does.  By placing adult content on these domains, Defendants would further unlawfully trade on RedTube's success, fame and goodwill and further divert consumers from RedTube to Defendants' sites.

53.     By the time <red-tube.com> was registered and when Defendants began operating an adult website at <red-tube.com>, Bright's predecessor in interest had been using the REDTUBE trademark in connection with RedTube for months, and had developed significant traffic for and recognition of RedTube in the United States and world-wide.  At that time,

Defendants did not own any trademark or other intellectual property rights in the name "redtube," the REDTUBE trademark, or the <red-tube.com> domain name. "Redtube" is not the legal name or nickname of any of Defendants or any entity associated with Defendants. There is no reason for Defendants to utilize the REDTUBE trademark other than their bad faith, illegal attempts to profit from RedTube's endeavors and success. Defendants profiteering activities do not constitute a *bona fide* use of the REDTUBE trademark. Defendants use the websites to derive revenue from selling adult videos and other services in direct competition with Bright and RedTube. Defendants do not use their websites for protected noncommercial purposes.

54.     RedTube was very popular, and was well known and closely watched within the adult entertainment industry, virtually from its creation. In comparison, <red-tube.com> has received relatively little traffic throughout its existence. Indeed, website usage data shows that between 2006 and 2008, "redtube.com," the name of Bright's domain used in the operation of RedTube, was one of the key search terms responsible for driving traffic to Defendants <red-tube.com> website. In other words, Internet users searching for Bright's RedTube website have been and continue to be diverted to Defendants' websites. RedTube's popularity continued to grow throughout the years following its creation and RedTube became one of the most popular and highly-trafficked websites on the Internet. It was returned as the top result of any search for the term "redtube" on the most frequently used Internet search engines.

55.     With only minor additions or modifications, Defendants' Infringing Domains are identical to the REDTUBE trademark and RedTube's domain name. Defendants' websites, including red-tube.com, call themselves "redtube" and prominently display the REDTUBE trademark on each and every page. Defendants websites also display the REDTUBE trademark as part of a red and gray REDTUBE logo that appears very similar to the red and white REDTUBE mark and logo used on RedTube.

56.     For these reasons, among others, Defendants registered and continue to use the Infringing Domains in bad faith. Through the use of the Infringing domains and Bright's REDTUBE trademark, Defendants are diverting traffic and profits from RedTube to Defendants,

confusing consumers as to the sponsorship and origin of Defendants' websites, and unlawfully trading on and profiting from RedTube's success, fame, and goodwill.

57.     On information and belief, Defendants offered to sell certain Infringing Domains, including at least <red-tube.com>, to Bright for an exorbitant sum. They refused to transfer the Infringing Domains that they control in the absence of payment of the sum they demanded. These actions further demonstrate Defendants' bad faith registration, use and intent to profit from their Infringing Domains.

58.     Defendants actions are part of a larger scheme of registering domain names containing famous trademarks in bad faith, in order to profit from the trademarks of others. In particular, Defendants have registered domain names containing the trademarks of other popular and widely recognized adult websites, including pornhub, youporn and tube8, and have created websites bearing the pornhub, youporn and tube8 trademarks. On information and belief, these websites operate under common control and as part of the same network, joint-venture and/or enterprise as <red-tube.com> and Defendants' other sites that infringe the REDTUBE trademark. They share content with <red-tube.com>, allow users to login with their <red-tube.com> login information, directly access and display users' <red-tube.com> account information and personal details from users' <red-tube.com> profiles, and display the contact information for Defendant Swiss Media Factoring. On information and belief, Defendants' have not licensed or otherwise acquired rights to use the trademarks of these other adult entertainment providers.

59.     Defendants' actions, including their intentional use of the REDTUBE trademark in their domain names and to identify competing products and services on their much less popular websites, and Defendants' ongoing pattern of registering multiple domain names infringing the REDTUBE trademark and other famous adult website trademarks, demonstrate that Defendants registered and continue to use the Infringing Domains with the bad faith intent to profit from their association with Bright's RedTube website and other popular adult entertainment websites.

60.     Defendants' infringing websites and domains are likely to cause confusion among the consuming public. Like Bright, Defendants' websites provide adult content over the Internet, and permit users to register, upload videos, and interact with other users. Both Bright and Defendants offer their services primarily through the Internet. Bright and Defendants compete for the same Internet traffic. Defendants' use of the infringing Defendants' websites and domains creates a false and confusing connection between Defendants' products and services and the products and services provided by Bright. Such confusion as to the origin of goods and services will continue unless enjoined, or unless Defendants' Infringing Domains are cancelled or transferred to Bright.

61.     Bright has been damaged by Defendants' conduct in an amount not yet known, but subject to proof. Bright is entitled to restitution in the form of all revenues and profits generated by Defendants' websites, and to the cancellation or transfer of Defendants Infringing Domains and any other confusingly similar domain names. Bright is entitled to statutory and enhanced damages based on Defendants' violations of the Lanham Act and the ACPA. Bright is also entitled to enhanced damages based on Defendants' violations of Virginia law. Bright will continue to be damaged unless Defendants' use of the REDTUBE trademark is enjoined.

62.     True and correct copies of Bright's United States trademark Registrations No. 3884412 and No. 3843119 are attached hereto as **Exhibits A and B**. A true and correct redacted image showing the current use of the REDTUBE trademark on RedTube is attached hereto as **Exhibit C**. True and correct redacted copies of images showing the front or home page of Defendants' infringing websites are attached as **Exhibit D**.

**FIRST CAUSE OF ACTION**

**(Violation of Anti-Cybersquatting Consumer Protection Act,**

**15 U.S.C. § 1125(d), Against All Defendants)**

63.    Bright incorporates herein the allegations in paragraphs 1 through 62, as set forth above.

64.    The REDTUBE trademark is suggestive, and therefore, inherently distinctive. Moreover, as a consequence of the widespread use and popularity of RedTube, web users associate RedTube and the REDTUBE trademark with high quality online adult entertainment, video and interactive services, and Bright enjoys significant resulting goodwill. The REDTUBE trademark had acquired this distinctiveness by the time Defendants registered their domain names using Bright's REDTUBE trademark.

65.    Bright owns registered United States trademarks covering use of the REDTUBE mark in connection with, among other things, offering adult websites, video content and online services. The registration of Bright's REDTUBE trademark on the principal register of the United States Patent and Trademark office is further evidence that Bright's trademark is suggestive and hence distinctive.

66.    Defendants and persons acting at their direction or in concert with them registered the Infringing Domains, which are confusingly similar, and indeed nearly identical, to the REDTUBE mark. Defendants have used and continue to use the REDTUBE trademark in the Infringing Domains and in connection with promotion and operation of Defendants' adult websites, with a bad faith intent to profit from the Infringing Domains in violation of 15 U.S.C. § 1125(d). Among other things, Defendants actions are misleading the public into believing that Defendants' websites, products, and services are associated with, sponsored by, or otherwise authorized by Bright, which is false. Defendants' activities in violation of 15 U.S.C. § 1125(d) constitute cybersquatting.

67.    On information and belief, Defendants are, and at all relevant times have been, knowingly using the REDTUBE trademark in bad faith in connection with Defendants'

websites, with the intent of diverting and acquiring traffic from the RedTube website.  On information and belief, Defendants sought and continue to seek to profit from the unauthorized use of the REDTUBE trademark.  Defendants actions alleged herein were and are willful and deliberate.

68.     Defendants' cybersquatting and other acts alleged herein deprive Bright of the benefit of the goodwill attached to the REDTUBE trademark, injure Bright's reputation, and dilute the distinctive quality of the REDTUBE trademark.

69.     As a direct and proximate result of Defendants' cybersquatting and other acts alleged herein, Bright has been and continues to be injured in its business and property, and has sustained and will continue to sustain substantial damage to its business, goodwill, and reputation in an amount not presently known but subject to proof at or prior to trial.

70.     Bright is entitled to statutory damages pursuant to 15 U.S.C. § 1117(d), for each act of Defendants' cybersquatting.  In light of Defendants' conduct, maximum statutory damages of $100,000 are justified and should be awarded.  Defendants have willfully engaged in multiple and continuing acts of cybersquatting, by registering and/or using the Infringing Domains, and by creating and operating websites using the REDTUBE trademark at the Infringing Domains.  Defendants' domains are identical or confusingly similar to the REDTUBE trademark.  Defendants' websites use a trademark that is nearly identical and that is confusingly similar to the REDTUBE trademark.  Defendants are therefore liable for not less than $100,000 per Infringing Domain name.  Bright is further entitled to recover its costs in bringing this action.

71.     Bright has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts as set forth above, and the domain names associated with Defendants' websites are ordered cancelled or transferred to Bright, Bright will continue to suffer irreparable harm.  Bright is therefore entitled to preliminary and final injunctive relief against the continued use of the Infringing Domains and the continued operation of websites at those domains, by Defendants, their officers, agents, servants and employees, or any others acting in concert with them.  In addition, Bright is entitled

to an injunction preventing Defendants, their officers, agents, servants and employees, and all persons acting in concert with them from registering any additional domains including the REDTUBE trademark or any confusingly similar variations thereof, and from operating any websites using the REDTUBE trademark or any confusingly similar variations thereof.

72.     Bright is entitled to the cancellation or transfer of all of Defendants' domain names that bear the REDTUBE trademark under 15 U.S.C. § 1125(d)(1)(C).

## SECOND CAUSE OF ACTION

### (Trademark Infringement, 15 U.S.C. §1114(1), Against All Defendants)

73.     Bright incorporates herein the allegations in paragraphs 1 through 72, as set forth above.

74.     Bright owns registered United States trademarks covering use of the REDTUBE mark in connection with, among other things, offering adult websites, video content and online services. Bright's trademark is distinctive.

75.     Without permission from Bright, Defendants have used and are using the REDTUBE trademark in commerce in connection with the distribution, promotion, advertising and sale of adult websites, video content and online services. Without authorization, Defendants are also using domain names that incorporate, and are confusingly similar to, the registered REDTUBE trademark.

76.     Defendants' unauthorized use of Bright's registered REDTUBE trademarks and confusingly similar domain names for Defendants' websites, in interstate commerce, constitutes trademark infringement in violation of 15 U.S.C. § 1114(1). Defendants' unauthorized use of Bright's registered REDTUBE trademarks and confusingly similar domain names for Defendants' websites, in interstate commerce, is likely to cause confusion or mistake, or to deceive consumers concerning the origin or sponsorship of Defendants' websites, products and services. In particular, Defendants' actions are likely to cause consumer confusion and mistake and to deceive consumers into believing that Defendants' products and services are

offered, sponsored, authorized, licensed by, or otherwise connected with Bright, or come from the same source as Bright's products and services and are of the same quality as that assured by Bright's REDTUBE trademark, which is false and detrimental to Bright.

77.   On information and belief, Defendants have willfully and intentionally chosen a trademark and domain names for Defendants' websites that are identical or confusingly similar to Bright's registered REDTUBE trademark and <redtube.com> domain name, with the intent of causing confusion and mistake and thereby misleading and deceiving the public into believing that Defendants' websites and services are associated with RedTube and Bright's services.

78.   On information and belief, as a direct and proximate result of Defendants' unlawful acts as set forth above, including the unauthorized use of the registered REDTUBE trademarks, Defendants have earned and continue to earn revenues and profits from the operation of the Defendants' websites, which are confusingly similar to RedTube.

79.   As a direct and proximate result of Defendants' unlawful acts as set forth above, including unauthorized use of the registered REDTUBE trademarks, Bright has suffered and will continue to suffer injury to its business, goodwill, and property.

80.   Bright is entitled to recover from Defendants the damages that it has sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein. Bright is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of the wrongful conduct alleged herein. Bright is further entitled to recover from Defendants its costs in bringing this action. Bright is at present unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Defendants have obtained by reason of the wrongful conduct described herein, but those amounts will be proven at or before trial.

81.   Bright is further entitled to an award of enhanced damages of three times its actual damages and to its attorneys' fees pursuant to 15 U.S.C. § 1117.

82.     Bright has no adequate remedy at law to compel Defendants to cease their wrongful acts. Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of Bright's REDTUBE trademark, Bright will continue to suffer irreparable harm. In addition, in order to prevent the further infringement and wrongful use of Bright's REDTUBE trademark, the Infringing Domains should be cancelled or transferred to Bright.

83.     Bright is entitled to an injunction pursuant to 15 U.S.C. § 1116 restraining Defendants, their officers, agents, servants and employees, and all persons acting in concert with them from engaging in any further acts of infringement in violation of 15 U.S.C. § 1114(1). In particular, and without limitation, Bright is entitled to an injunction preventing Defendants, their officers, agents, servants and employees, and all persons acting in concert with them from registering any additional domains including the REDTUBE trademark or any confusingly similar variations thereof, and from operating any websites using the REDTUBE trademark or any confusingly similar variations thereof.

### THIRD CAUSE OF ACTION

### (Trademark Infringement, 15 U.S.C. §1125(a), Against All Defendants)

84.     Bright incorporates herein the allegations in paragraphs 1 through 83, as set forth above.

85.     Bright owns registered United States trademarks covering use of the REDTUBE mark in connection with, among other things, offering adult websites, video content and online services. Bright's trademark is distinctive.

86.     Defendants have used and are using the REDTUBE trademark in commerce in connection with adult websites, video content, and online services, without permission from Bright, which owns the right to use the REDTUBE trademark in connection with offering adult websites, video content, and online services. Defendants are also using domain names that incorporate, and are confusingly similar to, the REDTUBE trademark.

87.    Defendants' unauthorized use of an identical trademark and confusingly similar domain names for Defendants' websites, in interstate commerce, constitutes trademark infringement in violation of 15 U.S.C. § 1125(a).  Defendants' unauthorized use of an identical trademark and confusingly similar domain names for Defendants' websites, in interstate commerce, is likely to cause confusion, or to cause mistake, or to deceive consumers concerning the origin or sponsorship of Defendants' websites, products and services.  In particular, Defendants' actions are likely to cause consumer confusion and mistake and to deceive consumers into believing that Defendants' products and services are offered, sponsored, authorized, licensed by, or otherwise connected with Bright or come from the same source as Bright's products and services, and are of the same quality as that assured by Bright's REDTUBE trademark, which is false and detrimental to Bright.

88.    On information and belief, Defendants have willfully and intentionally chosen a trademark and domain names for Defendants' websites that are identical or confusingly similar to Bright's REDTUBE trademark and <redtube.com> domain name, with the intent of causing confusion and mistake and thereby misleading and deceiving the public into believing that Defendants' websites and services are associated with RedTube and Bright's services.

89.    On information and belief, as a direct and proximate result of Defendants' unlawful acts as set forth above, including the unauthorized use of the REDTUBE trademark, Defendants have earned and continue to earn revenues and profits from the operation of the Defendants' websites, which are confusingly similar to RedTube.

90.    As a direct and proximate result of Defendants' unlawful acts as set forth above, including unauthorized use of the REDTUBE trademark, Bright has suffered and will continue to suffer injury to its business, goodwill, and property.

91.    Bright is entitled to recover from Defendants the damages that it has sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein.  Bright is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of the wrongful conduct alleged herein.  Bright is further entitled to

recover from Defendants its costs in bringing this action. Bright is at present unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Defendants have obtained by reason of the wrongful conduct described herein, but those amounts will be proven at or before trial.

92.     Bright is further entitled to an award of enhanced damages of three times its actual damages and to its attorneys' fees pursuant to 15 U.S.C. § 1117.

93.     Bright has no adequate remedy at law to compel Defendants to cease their wrongful acts. Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of Bright's REDTUBE trademark, Bright will continue to suffer irreparable harm. In addition, in order to prevent the further infringement and wrongful use of Bright's REDTUBE trademark, the Infringing Domains should be cancelled or transferred to Bright.

94.     Bright is entitled to an injunction pursuant to 15 U.S.C. § 1116 restraining Defendants, their officers, agents, servants and employees, and all persons acting in concert with them from engaging in any further acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125. In particular, and without limitation, Bright is entitled to an injunction preventing Defendants, their officers, agents, servants and employees, and all persons acting in concert with them from registering any additional domains including the REDTUBE trademark or any confusingly similar variations thereof, and from operating any websites using the REDTUBE trademark or any confusingly similar variations thereof.

## FOURTH CAUSE OF ACTION

### (False Advertising, False Designation of Origin and Unfair Competition,
### 15 U.S.C. §1125(a), Against All Defendants)

95.     Bright incorporates herein the allegations in paragraphs 1 through 94, as set forth above.

96.     Defendants have used and are using the REDTUBE trademark in commerce in connection with adult websites, video content and online services, without permission from Bright, which owns the right to use the REDTUBE trademark in connection with offering adult websites, video content and online services. Defendants are also using domain names that incorporate, and are confusingly similar to, the REDTUBE trademark.

97.     Defendants' unauthorized use of an identical trademark and confusingly similar domain names for Defendants' websites, in interstate commerce, constitutes false designation of origin, false advertising, passing off and unfair competition in violation of 15 U.S.C. § 1125(a). Defendants' unauthorized use of an identical trademark and confusingly similar domain names for Defendants' websites, in interstate commerce, is likely to cause confusion, or to cause mistake, or to deceive consumers concerning the origin or sponsorship of Defendants' websites, products and services. In particular, Defendants' actions are likely to cause consumer confusion and mistake and to deceive consumers into believing that Defendants' products and services are offered, sponsored, authorized, licensed by, or otherwise connected with Bright or come from the same source as Bright's products and services, and are of the same quality as that assured by Bright's REDTUBE trademark, which is false and detrimental to Bright and the public.

98.     On information and belief, Defendants have willfully and intentionally chosen a trademark and domain names for Defendants' websites that are identical or confusingly similar to Bright's REDTUBE trademark and <redtube.com> domain name, with the intent of causing confusion and mistake and thereby misleading and deceiving the public into believing that Defendants' websites and services are associated with RedTube and Bright's services.

99.     On information and belief, as a direct and proximate result of Defendants' unlawful acts as set forth above, including the unauthorized use of the REDTUBE trademark, Defendants have earned and continue to earn revenues and profits from the operation of the Defendants' websites, which are confusingly similar to RedTube.

100.    As a direct and proximate result of Defendants' unlawful acts as set forth above, including unauthorized use of the REDTUBE trademark, Bright has suffered and will continue to suffer injury to its business, goodwill, and property.

101.    Bright is entitled to recover from Defendants the damages that it has sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein.  Bright is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of the wrongful conduct alleged herein.  Bright is further entitled to recover from Defendants its costs in bringing this action.  Bright is at present unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Defendants have obtained by reason of the wrongful conduct described herein, but those amounts will be proven at or before trial.

102.    Bright is further entitled to an award of enhanced damages of three times its actual damages and to its attorneys' fees pursuant to 15 U.S.C. § 1117.

103.    Bright has no adequate remedy at law to compel Defendants to cease their wrongful acts.  Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of Bright's REDTUBE trademark, Bright will continue to suffer irreparable harm.  In addition, in order to prevent the further infringement and wrongful use of Bright's REDTUBE trademark, the Infringing Domains should be cancelled or transferred to Bright.

104.    Bright is entitled to an injunction pursuant to 15 U.S.C. § 1116 restraining Defendants, their officers, agents, servants and employees, and all persons acting in concert with them from engaging in any further acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125.  In particular, and without limitation, Bright is entitled to an injunction preventing Defendants, their officers, agents, servants and employees, and all persons acting in concert with them from registering any additional domains including the REDTUBE trademark or any confusingly similar variations thereof, and from operating any websites using the REDTUBE trademark or any confusingly similar variations thereof.

## FIFTH CAUSE OF ACTION

### (Trademark Dilution, 15 U.S.C. §1125(c), Against All Defendants)

105.   Bright incorporates herein the allegations in paragraphs 1 through 104, as set forth above.

106.   Due at least in part to widespread use and notoriety of RedTube, including millions of unique visits each day, the REDTUBE trademark is distinctive and "famous" within the meaning of the Lanham Act § 43(c), 15 U.S.C. § 1125(c).

107.   Defendants' acts described above have diluted and continue to dilute Bright's distinctive REDTUBE trademark. These acts violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). They have injured and, unless immediately restrained, will continue to injure Bright, causing damage to Bright in an amount to be determined at trial, as well as irreparable injury to Bright's goodwill and reputation associated with the value of the REDTUBE trademark.

108.   Defendants' use of a trademark and domain names identical or confusingly similar to the REDTUBE trademark in commerce began after the REDTUBE trademark became famous.

109.   Upon information and belief, Defendants acted knowingly, deliberately, and willfully, with the intent to trade on the reputation of the REDTUBE trademark, and to dilute Bright's REDTUBE trademark.

110.   Bright has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

111.   In light of the foregoing, Bright is entitled to preliminary and final injunctive relief prohibiting Defendants from using the REDTUBE trademark, to recover all damages, including Bright's costs in bringing this action, that Plaintiff Bright has sustained and will sustain, and to all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above, in an amount not yet known but subject to proof at or before trial.

Bright is further entitled to an award of enhanced damages of three times its actual damages and to its attorneys' fees pursuant to 15 U.S.C. § 1117. In addition, in order to prevent the further infringement and wrongful use of Bright's REDTUBE trademark, the Infringing Domains should be cancelled or transferred to Bright.

## SIXTH CAUSE OF ACTION

### (Common Law Trademark Infringement and Unfair Competition
### Against All Defendants)

112.    Bright incorporates herein the allegations in paragraphs 1 through 111, as set forth above.

113.    As a result of its use of the REDTUBE trademark in connection with RedTube and the popularity of RedTube, both of which substantially pre-date any use of confusingly similar names by Defendants, the REDTUBE trademark is associated by the public principally with RedTube and Bright's services, and Bright has acquired common-law trademark rights to the REDTUBE trademark.

114.    Defendants have used and are using the REDTUBE trademark in commerce, in connection with online adult websites, videos and services, without permission from Bright, which has the exclusive right to use the REDTUBE trademark in connection with online adult websites, videos and services.

115.    Defendants' use in commerce of the REDTUBE trademark and confusingly similar domain names on Defendants' websites constitutes false designation of origin, and unfair competition in violation of Virginia common law, and engenders a belief by the consuming public that Defendants' products and services are offered, sponsored, authorized, licensed by, or otherwise connected with Bright or come from the same source as Bright's products and services, and are of the same quality as that assured by Bright's REDTUBE trademark, which is false and detrimental to Bright.

116.    On information and belief, Defendants have willfully and intentionally chosen a trademark and domain names for Defendants' websites that are confusingly similar to Bright's REDTUBE trademark and the <redtube.com> domain, with the intent of causing confusion and mistake and thereby misleading and deceiving the public into believing that Defendants' websites and services are associated with the RedTube website and services.

117.    On information and belief, as a direct and proximate result of Defendants' unlawful acts as set forth above, including the unauthorized use of the REDTUBE trademark, Defendants have earned and continue to earn revenues and profits from the operation of the Defendants' websites, which use the REDTUBE trademark in a manner that is confusingly similar to Bright's use of the trademark on and in connection with RedTube.

118.    As a direct and proximate result of Defendants' unlawful acts as set forth above, including unauthorized use of the REDTUBE trademark, Bright has suffered and will continue to suffer injury to its business, goodwill, and property.

119.    Bright is entitled to recover from Defendants the damages that it has sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein. Bright is further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of the wrongful conduct alleged herein. Bright is at present unable to ascertain the full extent of its damages, or the gains, profits, and advantages that Defendants have obtained by reason of the wrongful conduct described herein, but those amounts will be proven at or before trial.

120.    Bright has no adequate remedy at law to compel Defendants to cease their wrongful acts. Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of Bright's REDTUBE trademark, Bright will continue to suffer irreparable harm. Therefore, Bright is entitled to injunctive relief under Virginia law, to prevent Defendants' ongoing violation of its common law trademark rights. In addition, in order to prevent the further infringement and wrongful use

of Bright's REDTUBE trademark, the Infringing Domains should be cancelled or transferred to
Bright.

## SEVENTH CAUSE OF ACTION

### (Civil Conspiracy in Violation of Virginia Common Law)

121.    Bright incorporates herein the allegations in paragraphs 1 through 120, as
set forth above.

122.    Two or more of the Defendants, and/or one or more of the Defendants and
one or more other persons ("Conspirators"), conspired, combined, and by concerted action
sought to and did infringe Bright's trademarks, register their Infringing Domains in bad faith,
divert and acquire traffic and profits from RedTube, cause confusion and mislead the public as to
the source or sponsorship of Defendants' services, and unlawfully trade on and profit from
RedTube's success, fame and goodwill, such actions violating, at minimum, 15 U.S.C.
§§ 1114(1) and 1125(a), (c) and (d).

123.    Among other things, the Conspirators agreed, conspired, combined and by
concerted action undertook to register the Infringing Domains, create and display their infringing
websites, and link their infringing websites, products and services so as to divert and acquire
traffic and profits from RedTube, to cause confusion and mislead the public as to the source or
sponsorship of Defendants' services, and to unlawfully trade on and profit from RedTube's
success, fame and goodwill.

124.    As a result of this conspiracy, Bright has suffered and will continue to
suffer injury to its business, goodwill, and property, and lost profits. Bright has suffered and will
continue to suffer irreparable injury to its goodwill and to the reputation associated with the
REDTUBE trademark. Bright is at present unable to ascertain the full extent of its damages and
losses or the gains, profits, and advantages that Defendants have obtained by reason of the
wrongful conduct described herein, but those amounts will be proven at or before trial.

125.     The conspiracy is ongoing.  Bright has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, and the domain names associated with Defendants' websites are cancelled or ordered transferred to Bright, Bright will continue to suffer irreparable harm.  Bright is therefore entitled to preliminarily and permanent injunctive relief against the continued use of the Infringing Domains and the continued operation of websites at those domains by Defendants and any others acting in concert with them.

126.     Bright is entitled to a judgment against each Defendant found to have participated in the civil conspiracy alleged above for the entire amount of the damages Bright sustained as a result of Defendants' actions.

## EIGHTH CAUSE OF ACTION

### (Civil Conspiracy in Violation of Virginia Code §§ 18.2-499 and 500)

127.     Bright incorporates herein the allegations in paragraphs 1 through 126, as set forth above.

128.     Two or more of the Defendants, and/or one or more of the Defendants and one or more other persons ("Conspirators"), intentionally, with malice and with willful disregard for Bright's rights, conspired, combined, and by concerted action sought to and did infringe Bright's trademarks, register their Infringing Domains in bad faith, divert and acquire traffic and profits from RedTube, cause confusion and mislead the public as to the source or sponsorship of Defendants' services, dilute Bright's trademarks and unlawfully trade on and profit from RedTube's success, fame and goodwill, such actions violating, at minimum, 15 U.S.C. §§ 1114(1) and 1125(a), (c) and (d).

129.     Among other things, the Conspirators agreed, conspired, combined and by concerted action undertook to register the Infringing Domains, create and display their infringing websites, and link their infringing websites, products and services so as to divert and acquire traffic and profits from RedTube, to cause confusion and mislead the public as to the source or

sponsorship of Defendants' services, and to unlawfully trade on and profit from RedTube's success, fame and goodwill.

130.    As a result of the conspiracy, Bright has suffered and will continue to suffer injury to its business, goodwill, and property, and lost profits. Bright has suffered and will continue to suffer irreparable injury to Bright's goodwill and reputation associated with the value of the REDTUBE trademark. Bright is at present unable to ascertain the full extent of its damages and losses or the gains, profits, and advantages that Defendants have obtained by reason of the wrongful conduct described herein, but those amounts will be proven at or before trial.

131.    Bright is further entitled to an award of treble damages and to recover its attorneys' fees and costs pursuant to Virginia Code § 18.2-500.

132.    The conspiracy is ongoing. Bright has no adequate remedy at law. Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, and the domain names associated with Defendants' websites are cancelled or ordered transferred to Bright, Bright will continue to suffer irreparable harm. Bright is therefore entitled to preliminarily and permanent injunctive relief against the continued use of any domains bearing the REDTUBE trademark and the continued operation of websites at those domains by Defendants or any others acting in concert with them.

133.    Bright is entitled to a judgment against each Defendant found to have participated in the civil conspiracy alleged above for the entire amount of the damages Bright sustained as a result of Defendants' actions.

## NINTH CAUSE OF ACTION

### (*In Rem* Action Under the Anticybersquatting Consumer Protection Act,

### 15 U.S.C. § 1125(d)(2), Against the Defendant Domain Names)

134.    Bright incorporates herein the allegations in paragraphs 1 through 133, as set forth above.

135. Under 15 U.S.C. § 1125(d)(2)(A)(i), the Infringing Domains <redtube.com>, <redtube-cams.com>, <redtube-cams.net>, <redtube-tv.com>, <redtube-tv.net>, <red-tube-net.com>, <redtube-flirt.net>, <redtube-flirt.com>, <redtubeshop.org>, <redtubeshop.net>, <redtube-shop.com>, <redtube-shop.net>, <redtube-shop.org>, <redtube-shop.us>, <red-tube-shop.com>, <red-tube-shop.net>, <red-tube-shop.org>, <red-tube-shop.us>,<redtube-testaccount.com>, <red-tube.net>, <redtube.net>, <red-tube.biz>, <my-redtube.com>, <redtube24.com>, <red-tube-porn.net>, <redtube24.net>, <redtube-hardcore.com> and <reds-tube.com> violate Bright's rights to the REDTUBE trademark protected under 15 U.S.C. §§ 1114, 1125(a) and (c), and the registration and use of the Infringing Domains constitutes cybersquatting under 15 U.S.C. § 1125(d).

136. In particular, the Infringing Domains violate Bright's rights in the REDTUBE trademark because their registration and use is likely to cause confusion, mistake and to deceive as to the origin, sponsorship and approval of Defendants' websites, products and services; they are confusingly similar to, and dilutive of, Bright's famous, REDTUBE trademark; and their registration and use constitutes cybersquatting under 15 U.S.C. § 1125(d).

137. On information and belief, the registrants of the Infringing Domains are foreign residents, citizens and entities. In the event the Court finds that the foreign registrants have insufficient contacts with the United States or Virginia to support personal jurisdiction, Bright will be unable to obtain personal jurisdiction over the registrants.

138. As a direct and proximate result of violation of Bright's rights protected under 15 U.S.C. §§ 1114, and 1125(a) and (c), and other acts alleged herein, Bright has been and continues to be injured in its business and property, and has sustained and will continue to sustain substantial damage to its business, goodwill, and reputation.

139. Pursuant to 15 U.S.C. § 1117, Bright is entitled to recover its costs in bringing this action, all damages that Plaintiff Bright has sustained and will sustain as a result of the Infringing Domains, and all gains, profits and advantages obtained by Defendants as a result of the Infringing Domains, in an amount not yet known but subject to proof at or before trial.

Bright is further entitled to an award of enhanced damages of three times its actual damages and to its attorneys' fees pursuant to 15 U.S.C. § 1117.

140.   Pursuant to 15 U.S.C. § 1125(d)(i)(c), Bright is entitled to forfeiture, cancellation, or transfer of the Infringing Domains. Bright is also entitled to forfeiture, cancellation or transfer to Bright of any other of Defendants' domain names that bear the REDTUBE trademark that may be identified and brought before the Court prior to the entry of judgment.

## PRAYER FOR RELIEF

Bright requests the following relief as a result of the unlawful acts of Defendants described herein:

A.   A Judgment in favor of Bright on all of the claims for relief pleaded herein.

B.   An Order that Defendants, and all persons and entities acting in concert with them, be preliminarily and thereafter permanently enjoined and restrained, pursuant to the Court's inherent equitable powers and pursuant to 15 U.S.C. § 1116 and Virginia Code § 8.01-620, from using in any manner in connection with Defendants' websites, businesses, or the services or goods offered or sold by Defendants, or in connection with any advertising or promotions for such businesses, services, or goods, the REDTUBE trademark, the <redtube.com>, <redtube-cams.com>, <redtube-cams.net>, <redtube-tv.com>, <redtube-tv.net>, <red-tube-net.com>, <redtube-flirt.net>, <redtube-flirt.com>, <redtubeshop.org>, <redtubeshop.net>, <redtube-shop.com>, <redtube-shop.net>, <redtube-shop.org>, <redtube-shop.us>, <red-tube-shop.com>, <red-tube-shop.net>, <red-tube-shop.org>, <red-tube-shop.us>, <redtube-testaccount.com>, <red-tube.net>, <redtube.net>, <red-tube.biz>, <my-redtube.com>, <redtube24.com>, <red-tube-porn.net>, <redtube24.net>, <redtube-hardcore.com> and <reds-tube.com> domain names, or any other domain names containing the REDTUBE trademark;

        C.      An Order preliminarily and thereafter permanently enjoining Defendants, their officers, agents, servants and employees, and all persons acting in concert with them from engaging in any further acts of cybersquatting, trademark infringement, unfair competition or false designation of origin through the use of the REDTUBE trademark, including, without limitation, preventing Defendants, their officers, agents, servants and employees, and all persons acting in concert with them from registering any additional domains including the REDTUBE trademark or any confusingly similar variations thereof, and from operating any websites using the REDTUBE trademark or any confusingly similar variations thereof;

        D.      An Order requiring Defendants, and all persons and entities acting in concert with them, to cease using the domain names <redtube.com>, <redtube-cams.com>, <redtube-cams.net>, <redtube-tv.com>, <redtube-tv.net>, <red-tube-net.com>, <redtube-flirt.net>, <redtube-flirt.com>, <redtubeshop.org>, <redtubeshop.net>, <redtube-shop.com>, <redtube-shop.net>, <redtube-shop.org>, <redtube-shop.us>, <red-tube-shop.com>, <red-tube-shop.net>, <red-tube-shop.org>, <red-tube-shop.us>, <redtube-testaccount.com>, <red-tube.net>, <redtube.net>, <red-tube.biz>, <my-redtube.com>, <redtube24.com>, <red-tube-porn.net>, <redtube24.net>, <redtube-hardcore.com> and <reds-tube.com>, and any other domain names owned by Defendants that are confusingly similar to the REDTUBE trademark, and to transfer ownership of those domain names to Bright;

        E.      An Order requiring Defendants and any others involved in their registration or use to take such action as may be necessary to effectuate the transfer of the registration for the <redtube.com>, <redtube-cams.com>, <redtube-cams.net>, <redtube-tv.com>, <redtube-tv.net>, <red-tube-net.com>, <redtube-flirt.net>, <redtube-flirt.com>, <redtubeshop.org>, <redtubeshop.net>, <redtube-shop.com>, <redtube-shop.net>, <redtube-shop.org>, <redtube-shop.us>, <red-tube-shop.com>, <red-tube-shop.net>, <red-tube-shop.org>, <red-tube-shop.us>, <redtube-testaccount.com>, <red-tube.net>, <redtube.net>, <red-tube.biz>, <my-redtube.com>, <redtube24.com>,

<red-tube-porn.net>, <redtube24.net>, <redtube-hardcore.com> and <reds-tube.com> domain names to Bright;

      F.     An Order requiring the registrar and registry for the <redtube.com>, <redtube-cams.com>, <redtube-cams.net>, <redtube-tv.com>, <redtube-tv.net>, <red-tube-net.com>, <redtube-flirt.net>, <redtube-flirt.com>, <redtubeshop.org>, <redtubeshop.net>, <redtube-shop.com>, <redtube-shop.net>, <redtube-shop.org>, <redtube-shop.us>, <red-tube-shop.com>, <red-tube-shop.net>, <red-tube-shop.org>, <red-tube-shop.us>, <redtube-testaccount.com>, <red-tube.net>, <redtube.net>, <red-tube.biz>, <my-redtube.com>, <redtube24.com>, <red-tube-porn.net>, <redtube24.net>, <redtube-hardcore.com> and <reds-tube.com> domain names to take such action as may be necessary to effectuate the transfer of the registration for those domain names to Bright;

      G.     An Order awarding to Bright compensatory and consequential damages flowing from Defendants' wrongful acts, as described herein;

      H.     An Order awarding to Bright enhanced damages of three times Bright's actual damages pursuant to 15 U.S.C. § 1117(a);

      I.     An Order requiring Defendants' to disgorge any and all revenues, gains, profits, and advantages obtained and to be obtained by Defendants as a result of Defendants' unlawful acts as described herein;

      J.     An Order awarding to Bright statutory damages in the amount of $100,000 for each act of cybersquatting by Defendants, pursuant to 15 U.S.C. § 1117(d);

      K.     An Order finding that this case is exceptional and awarding attorneys' fees pursuant to 15 U.S.C. § 1117(a);

      L.     An Order that Bright recover its costs from Defendants;

      M.     An Order awarding to Bright three times Bright's compensatory and consequential damages flowing from Defendants' wrongful acts, as described herein, its costs in bringing and maintaining this suit, and reasonable attorneys' fees, pursuant to Virginia Code § 18.2-500;

N.    An Order awarding Bright prejudgment and postjudgment interest;

O.    An Order for such other and further relief as the Court may deem just and

appropriate.

## DEMAND FOR JURY TRIAL

Bright Imperial Limited hereby demands a trial by jury on all issues so triable.


Dated:  September 2, 2011          Respectfully submitted:

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

_____

Sheldon M. Kline (Va. Bar No 27959)
James M. Chadwick (*pro hac vice* to be filed)
Thayer M. Preece (*pro hac vice* to be filed)
Karin H. Johnson (*pro hac vice* to be filed)
Tenaya Rodewald (*pro hac vice* pending)
Sheppard Mullin Richter and Hampton, LLP
1300 I Street, NW 11th Floor East
Washington, DC  20005
Telephone: (202) 772-5378
Facsimile (202) 218-0020

Attorneys for Plaintiff Bright Imperial Limited