IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRIGHT IMPERIAL LIMITED, a Hong Kong limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RT MEDIASOLUTIONS S.R.O., et al.,<br><br>Defendants. | Civil Action No. 1:11-cv-935-LO-TRJ |

**MOTION TO PERMIT REDACTION OF DOCUMENTS
FILED WITH THE COURT AND TO SEAL CERTAIN UNREDACTED DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5, Plaintiff Bright Imperial Limited ("Bright" or "Plaintiff") respectfully requests that the Court enter an order permitting redaction of certain documents publically filed with the court, and to permit the submission and filing of unredacted copies of such documents under seal, on the grounds set forth in the accompanying memorandum of law.  Plaintiff specifically requests that the Court issue an order:  (1) Ruling that Bright's filing of redacted exhibits to its Opposition to Motion to Dismiss (Docket #31), filed November 18, 2011, was permissible, and that unredacted copies of such exhibits will be permitted to be filed under seal; and, (2) permitting Bright to redact explicit, adult content from documents Bright files publicly through the Court's Electronic Case Filing system during the course of this case and to submit and file unredacted copies of any such documents under seal.

-2-

**MEMORANDUM IN SUPPORT OF MOTION TO PERMIT
REDACTION OF DOCUMENTS FILED WITH THE COURT
AND TO SEAL CERTAIN UNREDACTED DOCUMENTS**

As set forth in the Complaint, Bright operates a popular adult entertainment website <redtube.com> ("RedTube"), and owns the highly recognized REDTUBE trademark.  As further set forth in the Complaint, Defendants own and/or operate various websites that incorporate the REDTUBE trademark in their domain names logos and elsewhere (the "Infringing Domains"). The Complaint seeks damages and injunctive relief for (1) cybersquatting (15 U.S.C. § 1125(d)); (2) trademark infringement (15 U.S.C. §§ 1114(1) and 1125(a)); (3) false designation of origin, false advertising and unfair competition (15 U.S.C. §§ 1114(1) and 1125(a)); (4) trademark dilution (15 U.S.C. § 1125(c)); (5) common law trademark infringement and unfair competition (Virginia common law); and (6) civil conspiracy (Virginia common law and Virginia Code §§ 18.2-499 and 500).  In the alternative, the Complaint seeks transfer of the Infringing Domains to Bright or forfeiture and cancellation of the Infringing Domains to prevent ongoing cybersquatting, pursuant to the *in rem* provisions of the Anticybersquatting Consumer Protection Act ("ACPA") (15 U.S.C. § 1125(d)(2)).

The content of the Infringing Domains and of other domains operated or utilized by the Defendants is inherently explicit, as is the content of Bright's own webpages.  The content, and images of Defendants' and Bright's webpages, are relevant to several of the causes of action in the Complaint and to rebutting certain arguments made by the Defendants in their Motion to Dismiss.  Bright submitted images of Defendants' webpages as evidence with its Opposition to

Defendants' Motion to Dismiss,[1] and Bright anticipates it will need to submit images of Defendants' and Bright's webpages on an ongoing basis.

First, images of Defendants' webpages at the Infringing Domains will be necessary to establish the elements of Bright's claims.  For example, such images are and will be necessary to show that Defendants use Bright's REDTUBE trademark in bad faith, in a way intended and likely to confuse and deceive consumers, giving rise to liability under the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)) and the Lanham Act (15 U.S.C. §§ 1114, 1125). As another example, images of Bright's webpages, and historical images of Bright's and Defendants' webpages will be necessary to show Bright's established, prior use of the trademark. Similarly, images of the parties' webpages, or the webpages of other online adult content providers, also may be necessary to establish similarity of Defendants' goods and services and advertising to Bright's.

Second, images of Defendants' webpages are necessary to show the features and level of interactivity of the webpages.  Among other things, this demonstrates that Defendants have ongoing relationships and obligations with United States and Virginia residents and purposefully avail themselves of these jurisdictions, and hence are subject to personal jurisdiction.

Third, such images are necessary to show that the Infringing Domains display the same content, and display the same content as other webpages Defendants operate that specifically target the United States. This is relevant to whether Defendants are subject to personal jurisdiction of this Court, and to Defendants' bad faith.  *See* Bright's Motion to Dismiss, Docket # 31.  Thus, there will be instances in which explicit content will be relevant to this action.

---

[1] Bright sent unredacted versions of these exhibits to the Clerk of Court and sent a courtesy copy of the motion, including the unredacted versions of the exhibits to chambers and to counsel for the Defendants.

However Bright anticipates that in most circumstances, consideration of the explicit content itself will not be necessary.

Therefore, Bright respectfully requests that the Court permit Bright to redact the explicit content from the publicly, electronically filed copies of such documents.  When Bright does so, it will file unredacted copies of such documents under seal with the Clerk of Court and provide unredacted copies to the Court and opposing counsel, as Bright did with the exhibits to its Opposition to Motion to Dismiss.

Dated: November 21, 2011            Respectfully submitted:

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

/s/Sheldon M. Kline
Sheldon M. Kline (Va. Bar No 27959)
James M. Chadwick (admitted *pro hac vice*)
Thayer M. Preece (admitted *pro hac vice*)
Karin H. Johnson (admitted *pro hac vice*)
Tenaya Rodewald (admitted *pro hac vice*)
Sheppard Mullin Richter and Hampton, LLP
1300 I Street, NW 11th Floor East
Washington, DC  20005
Telephone: (202) 772-5378
Facsimile (202) 218-0020
skline@sheppardmullin.com

Attorneys for Plaintiff Bright Imperial Limited

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2011, I will electronically file the foregoing MOTION TO PERMIT REDACTION OF DOCUMENTS FILED WITH THE COURT AND TO SEAL CERTAIN UNREDACTED DOCUMENTS with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel of record:

>Jay C. Johnson
>DORSEY & WHITNEY LLP
>1801 K Street NW, Suite 750
>Washington, DC 20006
>E-mail: johnson.jay@dorsey.com
>
>Andrea T. Vavonese
>AKIN GUMP STRAUSS HAUER & FELD LLP
>1333 New Hampshire Avenue, NW
>Washington, DC 20036
>E-mail: avavonese@akingump.com

>>/s/ Sheldon M. Kline
>>Sheldon M. Kline (Va. Bar No 27959)
>>James M. Chadwick (admitted *pro hac vice*)
>>Thayer M. Preece (admitted *pro hac vice*)
>>Karin H. Johnson (admitted *pro hac vice*)
>>Tenaya Rodewald (admitted *pro hac vice*)
>>Sheppard Mullin Richter and Hampton, LLP
>>1300 I Street, NW 11th Floor East
>>Washington, DC 20005
>>Telephone: (202) 772-5378
>>Facsimile (202) 218-0020
>>E-mail: skline@sheppardmullin.com
>>
>>Attorneys for Plaintiff Bright Imperial Limited