UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **BRIGHT IMPERIAL LIMITED**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:11-cv-00935-LO-TRJ |
| **RT MEDIASOLUTIONS, S.R.O.**, *et al.*, | ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF MOTION FOR AN ORDER EXTENDING TIME
TO RESPOND TO *IN REM* CLAIMS IN THE COMPLAINT**

Pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, the *in rem* Defendant domain names <red-tube.com>, <redtube-cams.com>, <redtube-cams.net>, <redtube-tv.com>, <redtube-tv.net>, <red-tube-net.com>, <redtube-flirt.net>, <redtube-flirt.com>, <redtubeshop.org>, <redtubeshop.net>, <redtube-shop.com>, <redutbe-shop.net>, <redtube-shop.org>, <redtube-shop.us>, <red-tube-shop.com>, <red-tube-shop.net>, <red-tube-shop.org>, <red-tube-shop.us> and <redtube-testaccount.com> (the "Domain Names") respectfully file this reply in support of their motion to extend the time for responding to the *in rem* claims in the Complaint until 21 days after the Court rules on the relevant jurisdictional issues.[1]

---

[1] The present motion relates exclusively to Bright Imperial's *in rem* claims. Accordingly, it is being filed solely by the Domain Names and not by the *in personam* Defendants named in the Complaint. *See Caesar's World, Inc. v. Caesar's-Palace.com*, 112 F. Supp. 2d 505, 508-09 (E.D. Va. 2000). It therefore does not constitute an appearance or a waiver of previously asserted objections to personal jurisdiction by the named *in personam* Defendants. *See id.* at 509 (holding that "*in personam* jurisdiction cannot be based merely on an appearance in an *in rem* action").

## ARGUMENT

Plaintiff Bright Imperial Limited ("Bright Imperial") does not object to the requested extension of time insofar as it relates to the 19 Domain Names registered to or owned by the *in personam* Defendants.[2] Resp. at 1. Thus, the only disputed question before the Court is whether the same extension ought to be granted to the 8 domain names not registered to or owned by the *in personam* Defendants.

Bright Imperial argues that because it has not attempted to assert *in personam* claims against the owners or registrants of these 8 domain names, an extension is unnecessary. Resp. at 2. But as explained in Defendnats' motion, allowing the claims against these 8 domain names to move forward while identical claims against the remaining Domain Names await a decision on personal jurisdiction both creates inefficiency—effectively bifurcating the *in rem* claims among two sets of domain names on two separate schedules—and risks inconsistent judgments.

Moreover, counsel for Defendants has been in touch with several of the owners for the 8 domain names, all of whom are located overseas. It is likely that some of these owners will engage counsel in this action. Thus, without an extension that keeps all claims on a parallel track, there will be the potential for three different schedules: one for claims against the Domain Names owned by the *in personam* Defendants that cannot proceed until the issue of personal jurisdiction is resolved, one for claims against domain names that hire counsel and file a

---

[2] Bright Imperial conditions this consent on the motion being deemed brought by the *in personam* Defendants, and not the Domain Names themselves. Resp. at 1, 4-5. The use of the Domain Names is not meant to suggest that the property itself is filing a motion. Rather, it is being done in an effort to keep the *in personam* claims separate from the *in rem* claims, especially in light of the *in personam* Defendants' personal jurisdiction objections. The *in personam* Defendants recognize their responsibility to participate in the *in rem* case as claimants, and are filing this motion solely in that capacity. *See Caesar's World*, 112 F. Supp. 2d at 508-09.

-3-

response to Bright Imperial's *in rem* claims, and one for claims against domain names that do not respond to the Complaint.

There is no reason to invite the inequity and inefficiency of the piecemeal litigation that would result from the absence of an extension. Bright Imperial chose to file its *in rem* claims against all of the domain names in the same action. It will not be prejudiced if the deadline for responding to the *in rem* claims against those domain names not registered to or owned by the *in personam* Defendants is extended for a short time while the Court determines whether it has personal jurisdiction over the *in personam* Defendants.

## CONCLUSION

For the reasons stated above and in the motion for an extension, Defendants respectfully request that the time for responding to all of the *in rem* claims in the Complaint be extended to 21 days after the Court rules on the jurisdictional issues currently in discovery.

Dated: December 27, 2011

                                                          Respectfully submitted,

                                                          */s/ Jay C. Johnson*
                                                          Jay C. Johnson (Va. Bar No. 47009)
                                                          DORSEY & WHITNEY LLP
                                                          1801 K Street NW, Suite 750
                                                          Washington, DC 20006
                                                          Telephone: (202) 442-3000
                                                          Facsimile: (202) 442-3199
                                                          Email: johnson.jay@dorsey.com

                                                          Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of December, 2011, I filed a copy of the foregoing Reply in Support of Motion for an Order Extending Time to Respond to *In Rem* Claims in the Complaint using the Court's CM/ECF system, which automatically served copies on counsel of record in this case.

*/s/ Jay C. Johnson*
Jay C. Johnson (Va. Bar No. 47009)
DORSEY & WHITNEY LLP
1801 K Street NW, Suite 750
Washington, DC 20006
Telephone: (202) 442-3000
Facsimile: (202) 442-3199
Email: johnson.jay@dorsey.com

Counsel for Defendants