IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Bright Imperial Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:11cv935 (LO/TRJ) |
| ) | |
| RT MediaSolutions, S.R.O. ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's motion (no. 156) for default judgment against defendant domain names <my-redtube.com>, <redtube24.com>, <redtube24.net>, <redtube-hardcore.com>, <red-tube-porn.net>, and <reds-tube.com> (the "*in rem* defendant domain names"). On December 2, 2011, the court found (no. 49) that plaintiff had complied with the mailing notice procedures required by 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa). Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb) and in accordance with a court order (no. 49), plaintiff published notice of the complaint (no. 59-1). Although the owners of several of the defendant domain names have appeared and litigated this matter, the registrants of the *in rem* defendant domain names have not answered or otherwise responded to the complaint. The Clerk entered default against the *in rem* defendant domain names on June 29, 2012 (no. 146). Upon consideration of plaintiff's motion and the memorandum and reply in support thereof, the magistrate judge makes findings as follows and recommends that entry of default judgment

against the *in rem* defendant domain names be delayed.

## Jurisdiction and Venue

This court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case arises under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"). There is *in rem* jurisdiction over the *in rem* defendant domain names pursuant to 15 U.S.C. § 1125(d)(2)(A), as the *in rem* defendant domain names violate plaintiff's trademark, and plaintiff cannot obtain *in personam* jurisdiction over the *in rem* defendant domain names' registrants, each of whom appears to be located outside the United States and does not appear to have sufficient contacts to confer jurisdiction. Venue is proper pursuant to 15 U.S.C. § 1125(d)(2)(A) and (C) because the domain name registry for the *in rem* defendant domain names is located in this district.

## Discussion and Findings

In a case such as this one, where a party seeks entry of default judgment against fewer than all defendants, while others remain in the case, Fed. R. Civ. P. 54 directs that default judgment may be entered against the defaulting defendants only upon an express determination that there is "no just reason for delay." Fed. R. Civ. P. 54(b). There is just reason for delay where there is a risk of inconsistent judgements. *Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580, 582 (E.D. Va. 2000) (Brinkema, J.). For example, when a complaint alleges joint and/or several liability against multiple defendants or that multiple defendants are "otherwise closely interrelated," it is inappropriate for a court to enter default judgment against one defendant while claims are still pending as to the other defendants. *Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430, 434-35 (E.D. Va. 2006) (citing *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942 (4th Cir. 1967); *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)) (Dohnal, M.J.).

The answering defendants here have filed opposition (no. 165) to plaintiff's motion, arguing that there is just reason for delay.  Setting aside plaintiff's argument that the opposition should be stricken because the answering defendants have no standing to argue against plaintiff's motion, the magistrate judge finds that there is just reason for delay under the circumstances presented here.

Plaintiff's claim against the *in rem* defendant domain names is based, in large part, upon the allegation that the websites at those domains display content identical or nearly identical to that displayed at the <red-tube.com> domain.  Compl. ¶ 50.  The registrants/owners of <red-tube.com> have responded to the complaint, and there accordingly exists the possibility that the court could find <red-tube.com> not to infringe plaintiff's marks.  That poses a risk of inconsistent judgments, and there is therefore just reason for delay of entry of default judgment against the *in rem* defendant domain names.[1]

### Recommendation

The magistrate judge recommends that the court delay entry of default judgment against the *in rem* defendant domain names.

### Notice

By means of the court's electronic filing system, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service

---

[1] The magistrate judge gives no credence to the answering defendants' arguments that their *affirmative* defenses provide cause for delay.  The answering defendants cite *Vick v. Wong*, 263 F.R.D. 325, 332 (E.D. Va. 2009) for the proposition that where the defenses of an answering defendant are closely intertwined with the liability of a defaulting defendant, it is appropriate to stay default judgment until final judgment is entered.  In *Vick*, however, the defenses at issue were not affirmative defenses.  Rather, they went to the truth or falsity of the plaintiff's factual allegations.  *See Vick*, 263 F.R.D. at 329-30.  Here, the *in rem* defendant domain names have waived any right to assert affirmative defenses by their default.

on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

August 9, 2012
Alexandria, Virginia