**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **BRIGHT IMPERIAL LIMITED**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:11-cv-00935-LO-TRJ |
| v. | ) | |
| | ) | |
| **RT MEDIASOLUTIONS, S.R.O.**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**

Pursuant to Local Civil Rule 5(C), Plaintiff and Defendants (the "Parties") respectfully

file this memorandum of law in support of their joint motion for entry of a protective order that

provides for the sealing of certain documents anticipated to be filed with the Court in this case.

**ARGUMENT**

Although there is a general presumption in favor of public access to court records, a

district court nonetheless "has supervisory power over its own records and may, in its discretion,

seal documents if the public's right of access is outweighed by competing interests." *Ashcraft v.*

*Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Before granting a motion to seal, the court

must take three steps: (1) provide a public notice of the motion that gives interested parties a

chance to object; (2) consider "less drastic alternatives to sealing the documents"; and (3) state

specific reasons for its decision to seal. *Id.*

One reason that courts have sealed documents from public view is the presence of

confidential commercial or proprietary information within the documents. *See, e.g.*, *Adams v.*

*Object Innovation, Inc.*, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) (granting motion to

seal portions of documents containing "proprietary and confidential information"); *GTSI Corp. v.*

*Wildflower Int'l, Inc.*, 2009 WL 1248114, at \*8-\*9 (E.D. Va. Apr. 30, 2009) (granting motions to

seal a document that contained "pricing and product information"); *Muri v. Killeen*, 2004 WL

1124929, at \*3 (W.D. Va. May 18, 2004) (granting motion to seal exhibits containing

"engineering data, client names, and other potentially confidential and proprietary information").

The Federal Rules of Civil Procedure likewise recognize that an approved protective order may

require that "confidential research, development, or commercial information not be revealed or

be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G).  Thus, especially when a case

"does not appear to have any substantial relationship to an important governmental or political

question," the parties' interests in maintaining the confidentiality of commercial or proprietary

information may outweigh the public's right of access to court records.  *RegScan, Inc. v. Bureau

of Nat'l Affairs, Inc.*, 2011 WL 5239221, at \*3 (E.D. Va. Nov. 1, 2011).

 The proposed protective order provides that the Parties may designate certain documents

as "Confidential" or "Highly Confidential," and that documents so designated will be filed under

seal if they are submitted to the Court.  As stated in the protective order, "Confidential"

documents contain "research, design, development, financial, technical, marketing, sales,

planning, personal, and/or commercial information."  Protective Order ¶ 2.2.  "Highly

Confidential" documents contain "trade secrets and other extremely sensitive proprietary and/or

competitive information."  *Id*. ¶ 2.8.  Under the Protective Order, documents or other information

falling into either of these categories must be clearly labeled by the disclosing party.  *Id*. ¶ 5.

 Due to its sensitive nature, material designated as Confidential can be revealed only to a

limited class of persons, including outside counsel, experts who have signed an agreement to be

bound by the Protective Order, and officers and directors of the receiving party who have a

reasonable need to see it for purposes of this litigation.  *Id*. ¶ 7.2.  The distribution of Highly

Confidential materials is even more restricted, essentially being limited to outside counsel and experts who are not otherwise affiliated with the receiving party. *Id.* ¶ 7.3. Both Confidential and Highly Confidential information can be disclosed to the Court, but the Protective Order requires that it be filed under seal, and remain under seal for a period of five years. *Id.* ¶ 12.3.

The types of confidential commercial or proprietary information that have been designated as Confidential or Highly Confidential by the parties include, among other things: bank statements; the identities of affiliate webmasters and their payment information; the number of users who have clicked on a website; the amount of revenues earned by the Parties' various websites; and a detailed list of transactions made on the Parties' websites, including the amount of money spent. While some information regarding the operations and usage of the parties' websites is publicly available, much of the information disclosed or likely to be disclosed in discovery and relied upon in the parties' pleadings and motions is not available to the public. If this information were placed in public court files, it would be freely available to the Parties' competitors, who could use the information to understand the inner-workings of their businesses—including the location of their visitors, the specifics of how they are generating revenues, which services generate the most revenues, how much registered users typically spend on specific transactions, and much more. Accordingly, the Protective Order provides that this sort of information must be filed under seal and shielded from public view.

If the Parties' competitors were armed with the type of information contained in the documents and other materials that have been designated as Confidential or Highly Confidential under the Protective Order, those competitors would have an unfair advantage in the marketplace. Knowing the intimate details of the Parties' businesses could allow competitors to offer lower prices, focus on certain services most likely to lead to increased market share, or

even estimate the Parties' bottom line.  For these specific reasons, and generally to preserve competition in the industry, the materials that have been designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order should be filed with the Court under seal.

The protective order preserves the power of the parties to challenge the designation of material as confidential or highly confidential.  The Court always retains the power—on its own motion or the motion of a third party—to determine that information should not be sealed.  These mechanisms serve to protect against unnecessary sealing.

Finally, it is important to note that there are no important governmental or political questions at stake in this litigation.  Both Parties operate online businesses that offer adult videos and other forms of adult entertainment to registered users.  Plaintiff claims that Defendants' websites are infringing on Plaintiff's trademark.  The resolution of this dispute will not involve governmental or political issues, just principles of trademark law.  Accordingly, there is no special need for public access to the confidential commercial or proprietary information that will be produced during discovery.  *See RegScan*, 2011 WL 5239221, at *3.

Where information contained in documents that have been designated as "Confidential" or "Highly Confidential" appears in other written materials publicly filed with the Court, the Parties will take steps to ensure that the information has been redacted.  The redaction of this information will be as narrow as possible, and designed solely to protect only the commercial confidential or proprietary information contained in the exhibits that are marked for sealing.  The redactions should not prevent the public from understanding the substance of the arguments that the Parties are making.  Unredacted versions of all materials will be transmitted to the Court and the Clerk's office in hard copy and to the opposing party via email or in hard copy.

In compliance with *Ashcraft v. Conoco*, the Parties are also noticing a public hearing on their motion to enter the protective order, which requires the sealing of documents designated as Confidential or Highly Confidential.

## CONCLUSION

For the reasons stated above, the parties respectfully request that the Court grant their Joint Motion for entry of the Protective Order, which provides that materials designated by the Parties as Confidential or Highly Confidential be filed with the Court under seal.

Dated: October 3, 2012

Respectfully submitted,

/s/ Jay C. Johnson
Jay C. Johnson (Va. Bar No. 47009)
DORSEY & WHITNEY, LLP
1801 K Street NW, Suite 750
Washington, DC 20006
Telephone:(202) 442-3000
Facsimile: (202) 442-3199
Email: johnson.jay@dorsey.com

Bruce R. Ewing (admitted *pro hac vice*)
DORSEY & WHITNEY, LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201
Email: ewing.bruce@dorsey.com

Counsel for Defendants

*/s/Sheldon M. Kline*
Sheldon M. Kline (Va. Bar No 27959)
James M. Chadwick (admitted *pro hac vice*)
Thayer M. Preece (admitted *pro hac vice*)
Karin H. Johnson (admitted *pro hac vice*)
Tenaya Rodewald (admitted *pro hac vice*)
Sheppard Mullin Richter and Hampton, LLP
1300 I Street, NW 11th Floor East
Washington, DC  20005
Telephone: (202) 772-5378
Facsimile (202) 218-0020
skline@sheppardmullin.com

Attorneys for Plaintiff Bright Imperial Limited

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October, 2012, I filed a copy of the foregoing

Memorandum of Law in Support of Joint Motion for Entry of a Protective Order using the

Court's CM/ECF system, which automatically served electronic copies on all counsel of record

in this case.

*/s/ Jay C. Johnson*
Jay C. Johnson (Va. Bar No. 47009)
DORSEY & WHITNEY, LLP
1801 K Street NW, Suite 750
Washington, DC 20006
Telephone:(202) 442-3000
Facsimile: (202) 442-3199
Email: johnson.jay@dorsey.com