IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Bright Imperial Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:11cv935 (LO/TRJ) |
| ) | |
| RT MediaSolutions, S.R.O. ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's Motion for Default Judgment (no. 220) against defendant domain names <my-redtube.com>, <redtube24.com>, <redtube24.net>, <redtube-hardcore.com>, <red-tube-porn.net>, <reds-tube.com>, <redtube.net>, and <red-tube.net> (the "defendant domain names"). On December 2, 2011, the court found (no. 49) that plaintiff had complied with the mailing notice procedures required by 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa). Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb) and in accordance with a court order (no. 49), plaintiff published notice of the Complaint (no. 59-1). Although the owners of two of the defendant domain names appeared and litigated this matter, the registrants of six of the defendant domain names[1] did not answer or otherwise respond to the Complaint. The Clerk entered default against these six defendant domain names on June 29, 2012 (no. 146).

---

[1] Those six domain names are: <my-redtube.com>, <redtube24.com>, <redtube24.net>, <redtube-hardcore.com>, <red-tube-porn.net>, and <reds-tube.com>.

With respect to the final two defendant domain names (<redtube.net>, and <red-tube.net>), they filed an Answer on June 8, 2012. However, plaintiff filed a Motion to Strike the Answer (no. 147) on July 2, 2012, which was granted by the court on August 3, 2012 (no. 168). Pursuant to the court's order, any person or entity asserting an interest in either of these two domain names was ordered to file a verified statement of interest within twenty-one (21) days of that order. In the verified statements of interest filed on behalf of each of these two domain names (nos. 174, 175), the sole owners of each elected not to defend the matter further and consented to entry of default. Plaintiff requested entry of default (no. 217) as to these two defendant domain names on February 25, 2013, and the Clerk duly entered default against these final two defendant domain names on February 28, 2013. Pursuant to a Stipulation of Dismissal (no. 213), this court dismissed with prejudice (no. 214) plaintiff's claims against the remaining defendants in this action on January 30, 2013. Upon consideration of plaintiff's motion and the memorandum in support thereof, the magistrate judge makes findings as follows and recommends that entry of default judgment against the defendant domain names be granted.

## Jurisdiction and Venue

This court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case arises under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"). There is *in rem* jurisdiction over the defendant domain names pursuant to 15 U.S.C. § 1125(d)(2)(A), as the defendant domain names violate plaintiff's registered mark, and plaintiff cannot obtain *in personam* jurisdiction over the defendant domain names' registrants, because they are located outside of this judicial district and lack any known contacts with this district. Venue is proper pursuant to 15 U.S.C. § 1125(d)(2)(A) and (C) because the domain name registry for the defendant domain names (VeriSign, located in Dulles, Virginia) is located in this district.

**Standard**

Federal Rule of Civil Procedure 55 permits the court to grant a motion for default judgment where the well-pled allegations of the complaint establish plaintiff's entitlement to relief, and where a defendant (or in a case such as this, a domain name's registrant) has failed to plead or defend as provided by and within the time frames contained in the rules. *Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp. 1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55.  By defaulting, a defendant or registrant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  *See also DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has effect of admitting factual allegations in complaint); *Marion County Court v. Ridge*, 13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pled facts) (citations omitted).

**Factual Background**

The well-pled allegations of the Complaint establish the following facts:

Plaintiff Bright Imperial Ltd. ("Bright") is a Hong Kong limited liability company with its principal place of business in Wanchai, Hong Kong SAR.  Compl. ¶ 10.  The defendant domain names were registered by various different registrants at various locations.  Rchr-media is the listed registrant of <red-tube.net>, with an address at Caminal de son Monei Poly. 46 Parc. 277, 07620 Spain.  Compl ¶ 19.  PayVS Limited is the listed registrant of <redtube.net>, with an address at Global Gateway 1716, Rue de la Perle, Providence, Mahe, NA 101010, Seychelles.  Compl. ¶ 20.  Christian Stechl is the listed registrant of <redtube24.net>, with an address of Via Corona 17, Paradiso-Ti, Post Code 69000, Italy.  Compl. ¶ 21.  Thomas Gebauer is the listed

registrant of <redtube-hardcore.com>, with an address at Lappstrasse, Zweibruecken, Post Code 66482, Germany.  Compl. ¶ 22.  Steve Johnson is the listed registrant of <reds-tube.com>, with an address of United Web Solutions S.A., Calle Haiti 5, El Tablero - Maspalomas, 35109 Spain.  Compl. ¶ 23.  Finally, Key-Systems HmbH is the listed registrant of <my-redtube.com>, <redtube24.com> and <red-tube-porn.net>, with an address at 604 S. King Street, Leesburg, Virginia, but the registration information is currently concealed by a domain name privacy service by the name of VCN - Whois Protection Service Panama.  Compl. ¶ 24.

Plaintiff Bright or its predecessor in interest have continuously used the RedTube mark in commerce since at least July 2006, providing adult entertainment services by allowing users to post videos to the site.  Compl. ¶¶ 33-35.  Bright is the owner of U.S. Trademark Registration Nos.: 3,884,412 and 3,843,119 for the RedTube mark.[2]  Compl. ¶ 43; Comp. Exhs. A, B.  These trademarks cover use of the mark in connection with the provision of adult video content on the internet, as well as other related media.  Compl. ¶ 4.

Defendant domain names all incorporate plaintiff's mark in full, with minor additions to the domain name or modifications to the top-level domain (for instance changing from ".com" to ".net").  Compl. ¶ 55.  The defendant domain names all display adult content in a manner very similar to plaintiff's website, and prominently display a similar-looking logo to plaintiff's mark on every page.  Compl. ¶¶ 48, 50, 55, 60; Compl. Exhs. C, D.  At least defendant domain name <red-tube.com> was offered for sale to plaintiff Bright, but this offer was refused.  Compl. ¶ 57.  Plaintiff has not consented to the use of its mark by any of the registrants on any of the defendant domain names.  Compl. ¶ 75.

---

[2] These marks were registered on November 30, 2010 and August 31, 2010, respectively.

**Discussion and Findings**

Plaintiff alleges multiple causes of action in the Complaint, but appears to only be requesting relief here under the ACPA. *See* docs. 220, 220-1 (requesting only transfer of the infringing domain names to plaintiff and judgment in plaintiff's favor). Plaintiff therefore alleges that the defendant domain names violate the ACPA pursuant to 15 U.S.C. § 1125(d)(1)(A). Accordingly, the burden is on plaintiff to show that (1) the registrants of the defendant domain names have "a bad faith intent to profit" from the use of plaintiff's mark in the domain names; (2) plaintiff's mark is distinctive and was distinctive at the time of registration of the defendant domain names; and (3) the defendant domain names are "identical or confusingly similar to" plaintiff's mark. 15 U.S.C. § 1125(d)(1)(A); *Venetian Casino Resort, LLC v. Venetiangold.Com*, 380 F. Supp. 2d 737, 740 (E.D. Va. 2005).

15 U.S.C. § 1125(d)(1)(B)(I) provides a non-exhaustive list of nine factors to be considered when determining the existence of a "bad faith intent to profit." Those factors are:

(I) the trademark or other intellectual property rights of the person, if any, in the domain name;

(II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;

(III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;

(IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;

(V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;

(VI) the person's offer to transfer, sell, or otherwise assign the domain name to

>the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;
>
>(VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;
>
>(VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and
>
>(IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of [15 U.S.C. § 1125©]. 15 U.S.C. § 1125(d)(1)(B)(I).

First, the magistrate judge finds that the well-pled facts of the Complaint establish that the registrants all registered the defendant domain names with a bad faith intent to profit. The RedTube mark in question is a distinctive mark apparently well known in the online adult video context (see discussion below), and the defendant domain names have merely added minor generic qualifiers or modifications to this mark or its top-level domain, thereby intentionally creating a significant likelihood of confusion. *See Venetian Casino Resort, LLC*, 380 F. Supp. 2d at 743 (finding that addition of generic qualifiers will not prevent a domain name from being confusingly similar to plaintiff's mark). The registrants have modeled the websites posted on defendant domain names, as well as their business model, after those of plaintiff. Compl. ¶¶ 46-48, 50. In doing so, it is clear that the registrants have attempted to usurp plaintiff's goodwill to make advertising revenues themselves, thereby potentially tarnishing plaintiff's goodwill. Further, the registrants are not using the defendant domain names to display sites that use plaintiff's marks in a bona fide noncommercial or fair use manner. *Cf. Lamparello v. Falwell*,

420 F.3d 309, 320 (4th Cir. 2005) (use of a domain name for criticism constitutes bona fide noncommercial or fair use under the ACPA).  The masking of defendant domain names <my-redtube.com>, <redtube24.com> and <red-tube-porn.net> contact information through the use of a third party service also supports a finding of bad intent on the part of their registrant.  Further, the fact that defendant domain name <red-tube.com> was offered for sale to plaintiff Bright clearly indicates that that defendant domain name is maintained by the registrant as a money-making scheme, rather than to conduct any legitimate business activities.

      Second, the magistrate judge finds that plaintiff's mark, which is incorporated in every one of the defendant domain names, is and was distinctive within the meaning of 15 U.S.C. § 1125© at the time of the registration of the defendant domain names.  The RedTube mark is suggestive, in that it "connote[s], without describing," the services provided by plaintiff, i.e., adult entertainment services.  *Venetian Casino Resort, LLC*, 380 F. Supp. 2d at 742.  Suggestive marks are inherently distinctive.  *Id.* at 741 (citing *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 464 (4th Cir. 1996)).  Accordingly, plaintiff's mark is inherently distinctive, and would be presumptively valid and protectable on this basis even if the marks were not registered. *Teaching Co. Ltd. P'ship v. Unapix Entm't, Inc.*, 87 F. Supp. 2d 567, 576 (E.D. Va. 2000).

      Plaintiff and its predecessor in interest have been using the RedTube mark since July 2006, and registered the first of its marks on August 31, 2010. Compl. ¶ 33; Comp. Exhs. A, B.  Between July 2006 and by September 4, 2006, plaintiff's website was receiving approximately 220,000 daily visits, and over 2 million daily page views.  Compl. ¶ 36.  The first of the defendant domain names (<red-tube.com>) was registered on September 13, 2006.  Compl. ¶ 36.  Thus, the RedTube mark was distinctive prior to the registration of any of the defendant domain names.

Third, the magistrate judge finds that the defendant domain names are confusingly similar to the RedTube mark. The defendant domain names consist entirely of the RedTube mark, with the minor generic additions and modifications. Further, on the various pages posted on the defendant domain names, content similar to that posted on plaintiff's site is depicted, and the defendant domain names host sites that directly compete with that of plaintiff. In addition, on the websites posted on defendant domain names are marks or logos similar to the RedTube mark itself. This creates a very significant likelihood of confusion regarding a potential association between defendant domain names and plaintiff's business.

Fourth, the magistrate judge accordingly finds that plaintiff Bright is entitled to transfer of all of the defendant domain names pursuant to 15 U.S.C. § 1125(d)(2)(D)(I).

## Recommendation

The magistrate recommends that default judgment be entered against the defendant domain names in favor of plaintiff Bright Imperial, Ltd., and that ownership of the defendant domain names be transferred to plaintiff.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to the registrants at their respective registered addresses, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

                                                          /s/
                                  Thomas Rawles Jones, Jr.
                                United States Magistrate Judge

July 3, 2013
Alexandria, Virginia